(96 N. W. Rep. 294.)

---

GEO. E. NICHOLS ET AL *v.* MATILDA M. ROBERTS.

Opinion filed July 1, 1903.

**Taxation—Penalty.**

1. Under chapter 119, p. 164, Laws 1889, a five per cent penalty is to be added to the amount of the tax, with accrued interest thereon, on June 1st.

**Same.**

2. After June 1st that law allowed interest at one per cent per month to be computed on the sum total of the tax, penalty, and interest unpaid on June 1st, up to the date of sale.

**Salaries Law of 1887 Did Not Repeal Statutes Fixing Fees.**

3. Chapter 50, p. 151, Laws 1887, did not repeal that portion of section 1417, Comp. Laws Dakota, which gives treasurers five per cent commission on sale of lands for delinquent taxes.

**Including Treasurer's Five per cent Commission Under Sec. 1417, Comp. Laws, Does Not Make Sum Sold for Excessive.**

4. Section 1417, . Comp. Laws Dakota, authorizes a treasurer to charge five per cent commission on sale of lands, and a sale is not made for an excessive amount which includes such commissions in the amount for which the land is sold. On this point *Lee* v. *Crawford,* 88 N. W. 97, 10 N. D. 482, overruled.

**Same.**

5. The fees legally chargeable on sales made in 1889, under section 1417, Comp. Laws Dakota, considered, and the sale is *held* not made for an excessive amount.

**Matter Extraneous to Record Will Not Control Disposal of Appeals.**

> 6. Affidavits cannot properly be considered in this court to determine the disposition to be made here of a case on an appeal from a judgment.

Appeal from District Court Cass county; *W. S. Lauder,* J.

Action by George E. Nichols and William C. McFadden against Matilda M. Roberts. Judgment for defendant, and plaintiffs appeal. Reversed.

*Morrill & Engerud,* for appellants.

In *Lee* v. *Crawford,* 10 N. D. 482, 88 N. W. Rep. 97, the court overlooked section 1417, Comp. Laws, in computing costs legally chargeable. Chapter 50, Laws of 1887, did not repeal the statutes of fixing fees of officers. It merely changed disposition of them, and turned the fees into a source of revenue to county instead of to the persons holding office.

*J. E. Robinson,* for respondents.

Sale for an excessive amount renders such sale void. *Lee* v. *Crawford,* 10 N. D. 482, 88 N. W. Rep. 97. Appellant adds interest to the tax, then computes interest and penalty on that. This is not the rule laid down in *Wells County* v. *McHenry,* 7 N. D. 246, 74 N. W. Rep. 241. Any excess in amount of all sums legally chargeable, however slight, render a tax sale void. Cooley on Taxation, 12th Ed. 497; *Kimball* v. *Ballard,* 19 Wis. 601; *Barden* v. *Supervisors of Columbia County,* 33 Wis. 445; *Milledge* v. *Coleman,* 2 N. W. Rep. 77; *Harper* v. *Rowe,* 55 Cal. 132; *Case* v. *Dean,* 16 Mich. 12; *Riverside* v. *Howell,* 113 Ill. 259; *Keul* v. *McClellan's Lessee,* 19 Ohio 308; *Gage* v. *Plumpelly,* 115 U. S. 462, 29 L. Ed. 449.

MORGAN, J. This is an action brought to quiet title to a certain lot in the city of Fargo. In the complaint the plaintiffs allege their ownership in fee of the lot. In the answer the defendant alleges, by way of counterclaim, that she is the absolute owner of said lot by virtue of a patent from the United States. In a reply, the plaintiffs allege ownership of said lot by virtue of a tax deed issued by the auditor of Cass county on the 13th day of June, 1902, pursuant to a sale of said lot made in November, 1889, for delinquent taxes of the year 1888. The trial court found that the deed under which the plaintiffs claim was void, for the reason that it

was based on a sale for taxes which were in excess of the amount that said lot could be legally sold for under the law then in force. This appeal is from the judgment entered pursuant to such findings.

The assignments of error are: (1) That the conclusions of law and the judgment entered are not warranted by the findings of fact. (2) That the court erred in its conclusions that the sale was for an excessive amount.

The sale was made in 1889 for $38.57. The amount of the tax levied in 1888 was $31.61. When the sale was made, penalties and interest were chargeable under chapter 119, p. 164, Laws 1889. That law provides that the taxes of 1888 "shall become delinquent on the first Monday of February, 1889," and shall draw interest at the rate of 1 per cent per month from the date of such delinquency until the first day of June, 1889, at which latter date there shall be added as penalty 5 per cent upon the amount so remaining unpaid, and 1 per cent per month thereafter until paid, to be added on the 1st day of each succeeding month. Respondent in her argument claims that this law does not authorize the 5 per cent penalty to be charged on the tax with interest added, but should be charged on the tax only. The reading of the section shows a contrary intention. The amount "so remaining unpaid" when the penalty is to be added is clearly the tax and interest added together. There is no room for any other construction.

This statute is also authority for computing interest upon the sum total of the tax, interest, and penalty from June 1, 1889, when they are added together, until the time of sale on November 4th. No other rule of computation could be followed and give the language of the statute force. Counsel claims that the method of computing penalties and interest contended for by him was followed by this court in *Wells County* v. *McHenry,* 7 N. D. 268, 74 N. W. 241. In that case the precise question here involved does not seem to have been raised, considered, or decided. Computing the amount due on this tax at the day of the sale on November 4, 1889, in accordance with the law of 1889, and adding to the sum total thereof ten cents for advertising, 5 per cent treasurer's commission on the sale, and fifty cents for a certificate of sale, a sum total is produced exactly equal to the amount for which the lot was sold. There was, therefore, no excess in the sum for which the lot was sold, and the conclusion that there was a sale for an excessive amount is not sustained. The trial court, in holding the sale to

have been made for an excessive amount, relied on the decision of this court in *Lee* v. *Crawford,* 10 N. D. 482, 88 N. W. 97. In that case both court and counsel overlooked section 1417 of the Compiled Laws (Dak.) providing for a 5 per cent commission to be charged by the treasurer in making the sale. What was there said about the sale being for an excessive amount in no way affects the correctness of that decision, as the decision was based on other grounds.

It is further contended by the respondent that section 1417 of the Compiled Laws (Dak.) was repealed by chapter 50, p. 151, Laws 1887. Under the latter law, county treasurers received a salary in lieu of the fees theretofore allowed them by statute. They are to account under that law for all fees received by them, and are paid a regular salary by the county. That law only changes the disposition to be made of the fees legally chargeable by the treasurer for official acts. The repealing clause of this law is not general, but is confined to such matters as are inconsistent with the provisions of the 1887 enactment. This act provides for an accounting for all fees received by the treasurer, and provides a penalty if he fails to charge and collect the fees allowed by law for his services. In place of this law containing provisions as to charging fees for services inconsistent with former provisions, it implies that former fees are to be charged in all cases. The claim that section 1417, Comp. Laws Dak., was repealed by the law of 1887, is therefore untenable. The findings of fact show the amount of the tax assessed and the sum for which the property was sold. From these two facts found, the question whether the lot was sold for an excessive amount becomes a question of law, and is not a question of fact.

It is urged that the charge of fifty-cents for a certificate of sale is an excessive charge by the treasurer, and avoids the sale for that reason. The claim is that it is not shown nor found that the purchaser of said lot was not a purchaser of other lots at the same sale, and that such other sales should have been included in one certificate, and this charge apportioned on all the lots under section 1627, Comp. Laws Dakota. The findings show that this one lot was sold and nothing more. We cannot indulge in presumptions as to what could or might have been done in any case on matters of fact. If the claim be a meritorious one, it cannot be considered in this case.

Counsel for respondent presents an affidavit referring to the merits of the action, and in view thereof asks that the case be remanded for a new trial in case the judgment is to be reversed by this court. The application cannot be considered. The record only can be considered in disposing of cases in this court. Matters extraneous to the record, based on affidavits or any new evidence, will not control the disposition here made of appeals.

The judgment is reversed, and the district court is directed to enter judgment granting the relief demanded in the complaint. All concur.