[File No. 6393.]

NELLIE DONOVAN, as Administratrix of the Estate of D. C. Donovan, Deceased, Respondent, v. SAM JOHNSON, Appellant.

(274 N. W. 124.)

Opinion filed January 16, 1937.   Rehearing denied June 23, 1937.

*F. B. Lambert,* for appellant.

*W. H. Adams,* for respondent.

NUESSLE, J. This action was brought to foreclose a mortgage upon a threshing machine securing a note for $751 and interest. With it were joined a cause of action upon another note, and a third cause of action upon an account. The defendant, answering, admitted the execution and delivery of the notes and the running of an account and pleaded payment thereof. He further alleged that the note upon which the first cause of action was predicated was given for a portion of the purchase price of a threshing machine, and alleged failure of consideration in that the machine was unsuitable for the purposes for which it was purchased and wholly without value. He further pleaded a warranty of the machine, alleged a breach thereof, and asked for damages on that account. The defendant also set up a counterclaim for a commission for the sale of land.

The cause was tried to the court without a jury. The trial court found in favor of the plaintiff on her several causes of action, but found for the defendant with respect to the commission for the sale of land—not on the counterclaim, but as a payment that by agreement was to be applied in reduction of the defendant's indebtedness; found the amount of such commission and credited such amount, first in payment of the account and, second, in payment of the note sued upon in the second cause of action, and the balance thereof in reduction of the amount remaining unpaid on the note on which the first cause of action was predicated. Judgment was ordered and entered accordingly. Thereupon the defendant perfected this appeal. He demands a trial de novo in this court.

It appears from the record that the plaintiff is the administratrix of the estate of her deceased husband, D. C. Donovan. At the time the notes and the book account here involved were given and incurred, Donovan was a member of the partnership of Donovan & Knight, consisting of one Knight and himself. Donovan and Knight were engaged in the machine business. In the course of this business they sold machinery and repairs and supplies to the defendant Johnson. On August 29, 1929, in the midst of the threshing season, the defendant, who farmed extensively and incidentally engaged in the threshing business, suffered the loss of his threshing machine by fire. He wanted to get a new one just as soon as possible. He went to Donovan & Knight and they told him that they could provide him with

a machine at once. He bargained for the same and executed two notes in payment of the purchase price thereof, one of which was payable October 1, 1930, secured by the machine so purchased. This is the note in suit. The other note for the remainder of the purchase of price was made payable on demand and was unsecured. The note on which the second cause of action is predicated was given for a cream separator in 1925. The book account was a balance of an account claimed to have been run for repairs and supplies. This account was begun in 1924. In March 1931, Donovan bought Knight's interest in the partnership. The only written evidence of this transaction is a rather informal instrument in the handwriting of the plaintiff administratrix who had been the Donovan & Knight bookkeeper. This instrument was signed by both Donovan and Knight and reads as follows:

"March 12, 1931.

"For value received I, J. W. Knight, to the amount of $1200 . . . truck of $400 value . . . and credit slip of $800 for balance of $1200. This $800 to be paid in cash or machinery.

"I hereby agree to release all my right in Donovan & Knight implement business to D. C. Donovan.

"D. C. Donovan to pay all outstanding accounts of Donovan & Knight."

Donovan took over the business and carried it on as his own. Plaintiff continued as bookkeeper. Donovan died in 1932 and plaintiff as his administratrix brought the instant action.

The record is unsatisfactory. The trial court held that under § 7871, Comp. Laws 1915, the defendant Johnson could not testify concerning his dealings with Donovan. (The defendant does not complain on account of this ruling.) It appears, however, that he had been more or less of an invalid and that his wife had looked after or been with him when he had conducted his business affairs. So she testified as to the matters here in controversy. Her testimony is that the defendant paid the notes and account in question. The defendant kept no books and the books of Donovan & Knight and Donovan were not the best possible examples of bookkeeping. Such records as there were, however, tended to show that a book account had been run and

there remained a balance due thereon unpaid at the time of the bringing of the action. The administratrix had in her possession the note of the defendant on which the second cause of action was predicated and which showed a balance remaining unpaid thereon above an endorsement. The two notes given in payment of the purchase price of the threshing machine were also in plaintiff's possession. The unsecured note bore endorsements showing the same had been fully paid. The secured note for $751 and interest at 8 per cent, bore an endorsement of $50. It is conceded that the chattel mortgage was regularly executed.

The trial judge who saw and heard the witnesses found in favor of the plaintiff. The matter of credibility was largely for the trial court. While the evidence with respect to the matters in issue is unsatisfactory, nevertheless we believe that accepting plaintiff's version thereof there is sufficient to sustain the trial court's findings. These findings, of course, come here entitled to appreciable weight. See Christianson v. Farmers' Warehouse Asso. 5 N. D. 438, 67 N. W. 300, 32 L.R.A. 730; Lakota Mercantile Co. v. Balsley, 60 N. D. 768, 236 N. W. 631; Cretors v. Troyer, 63 N. D. 231, 247 N. W. 558. Therefore, we are not inclined to disturb them, either with respect to the original transactions between the parties or with respect to the payments found by the court to have been made by the defendant. The defendant claimed, and offered evidence to support his contention in this respect, that there was a failure of consideration for the reason that the threshing machine was unsuitable for the purposes for which it was purchased and without value. The defendant, however, kept the machine for several years, used it for such threshing as there was during those years, and never seriously complained about it until an attempt was made to collect the secured purchase price note. There is evidence both ways as to whether the machine was reasonably satisfactory. The defendant's witnesses testified it was not; plaintiff's witnesses that it was. Certainly there were some minor defects. But the plaintiff's testimony is that these were remedied when notice thereof was given. In any event, on these issues, the trial court found for the plaintiff, and here again we are not inclined to overturn his findings.

The defendant urged in the trial court and urges here that the plaintiff administratrix is not a proper party plaintiff; that all these transactions were partnership transactions; that whatever the arrangement between Donovan and Knight, the effect thereof was to make Donovan the trustee to wind up the partnership affairs; that on his death Knight, as surviving partner, took title to the remaining assets of the partnership. The trial court held against the defendant in these respects. We think that this was right. Though the writing heretofore quoted evidencing the purchase by Donovan of the interest of Knight is informal, yet, considering it in the light of the whole record we think it evidences a purchase by Donovan and a sale by Knight of the latter's interest in the partnership and the partnership property. The transaction was executed. There is nothing to indicate that it was not made in good faith. Donovan took over the partnership property, including the notes and account on which suit was brought. So the ownership thereof vested in him. See 47 C. J. 798, 1021; 20 R. C. L. 980, 986, and cases cited. Accordingly, on Donovan's decease his administratrix was a proper party to sue on the notes and account involved in this litigation.

After the case reached this court on appeal, the defendant made a showing as to certain newly discovered evidence consisting of three checks, dated August 20, August 28, and October 1, 1929, respectively, issued by the defendant Johnson to Donovan & Knight, claimed to have been given in payment of the book account against the defendant; and a showing as to the bank deposits, aggregating some $5,300, made by Donovan & Knight on the several days from August 28, 1929 to September 14, 1929, of which $852.97 was deposited on August 30, and $1,318.66 on September 11. On this showing the defendant moved that this court take such newly discovered evidence into account in its determination of the appeal, or, if that could not be done, that the cause be remanded for the taking of further testimony in the district court. The defendant's showing in that behalf is that these checks had been misplaced and lost and were not discovered until long after the case was tried and the appeal to this court had been perfected and the facts respecting the bank deposits had not come to the defendant's knowledge until after such trial and appeal.

The defendant's motion must be denied. In the first place, the only showing as to the materiality and relevancy of the matter proffered is the affidavit of counsel that the defendant claims and will testify that the checks were given in payment on the account involved in this litigation. But no reference was made by the defendant or his witnesses to such checks on the trial of the cause. No credits were claimed corresponding to the amounts of the checks. There was no intimation in evidence on either side that there had been any such payments. Plaintiff's testimony is that when a purchase was made for cash no record of the transaction was made. In the second place, the showing is made too late. Of course this court cannot on appeal consider evidence presented in this manner; neither can it take cognizance of such evidence so presented in order to remand the case for a new trial or the taking of additional testimony.

The judgment is affirmed.

CHRISTIANSON, Ch. J., and MORRIS, BURKE and BURR, JJ., concur.

NUESSLE, J. (On rehearing.) On application of the appellant a rehearing was granted and the case was thereafter reargued.

We have carefully reviewed the record in the light of the reargument and find no reason why we should recede from the views expressed in the original opinion.

CHRISTIANSON, Ch. J., and BURR and MORRIS, JJ., concur.