Kenneth **FRANDSEN** and Nettie Frandsen,
Plaintiffs and Respondents,

v.

Reinie **MAYER** and City of Jamestown, a municipal corporation, Defendants
and Appellants.

No. 8333.

Supreme Court of North Dakota.

Dec. 7, 1967.

Rehearing Denied Dec. 22, 1967.

Mackenzie & Jungroth, Jamestown, for appellant Reinie Mayer.

Hjellum, Weiss, Nerison & Jukkala, Jamestown, for appellant City of Jamestown.

Duffy & Haugland, Devils Lake, for respondents.

KNUDSON, Judge.

This is an appeal from a judgment enjoining the defendant Mayer from maintaining a commercial sign on property adjacent to the plaintiffs' property. The defendants demand a trial de novo.

The facts can be summarized briefly. On March 2, 1959, the defendant Mayer entered into an oral agreement with the City of Jamestown whereby he agreed to give a strip of land 20 feet by 549 feet to

the city for street purposes, and in consideration thereof the city agreed to permit the defendant to keep and maintain an advertising sign he had had on the strip of land for several years. This strip of land was used by Mayer as an access road from his property to Highway No. 10, and was adjacent to the Frandsen property. Several years prior to this, Mayer had sold the Frandsen tract to them by metes and bounds. The Frandsen tract fronted on and had direct access to Highway No. 10.

The street was laid out, graded and curbed, but was not paved. The sign remained in place, with the curb curving outward slightly into the street to go around the sign, as only a few feet of the Mayer strip of land lay on the street side of the curb—most of the Mayer strip of land lying between the curb and the Frandsen property.

Mayer's sign remained in place until 1964, when the plaintiffs removed it. On June 12, 1964, Mayer and the City Council of Jamestown entered into a written agreement, reducing to writing the 1959 oral agreement. Mayer's sign was then re-erected in the same place it had occupied before the plaintiffs removed it.

The plaintiffs brought this action in July of 1964 alleging that they are the owners of Lot 18 of Auditor's Plat No. 3 to the City of Jamestown and the boulevard adjacent thereto; that the City of Jamestown had an ordinance prohibiting commercial signs on boulevards; that defendants proposed the erection of a commercial sign on the boulevard owned by the plaintiffs; and that the erection of the sign would constitute both a public and a private nuisance, and prayed that Mayer be permanently enjoined from erecting or maintaining a sign upon such boulevard. The defendant answered by way of general denial and alleging that he was the owner of the boulevard; that he had donated this property to the city on the condition that he be allowed to maintain a sign on it; and that an agreement was entered into to this effect. He also counter-claimed alleging that the plain-

tiffs had willfully and maliciously ripped down his original sign and that he was thereby damaged in the sum of $300 for the sign, $1,000 for loss of profits from his business, and $5,000 for punitive damages.

The plaintiffs amended their complaint to include the City of Jamestown as defendant. In addition to the allegations contained in the original complaint, they alleged that the defendants had erected the sign after the commencement of this action pursuant to a purported agreement with the City of Jamestown giving consent to the erection of such sign, the city agreeing to pay one-half of the cost of such erection, and that the erection of such sign obstructed the view of the plaintiffs' motel and constituted both a public and a private nuisance. The city answered by way of general denial, but admitted that it had an ordinance prohibiting the erection of signs except such as are erected by the city under lawful authority of or at the direction of the city, but that the sign involved came under the exception to that ordinance.

The case was tried to the court without a jury. The court enjoined the defendants from maintaining the sign, and dismissed Mayer's counterclaim. The court held that the agreement between the City of Jamestown and Mayer was discriminatory and invalid and that the defendant's sign constituted a public and a private nuisance.

The plaintiffs' claim is based on the presumption that, as abutting owners, they own the fee to the center of the street.

An owner of land bounded by a road or street is presumed to own to the center of the way, but the contrary may be shown.

North Dakota Century Code § 47–01–16.

In support of their contention the plaintiffs introduced in evidence an uncertified engineer's sketch of a plat of the area entitled "A Portion of Auditor's Plat No. 3, Jamestown, North Dakota," showing the disputed area to be adjacent to plaintiffs' Lot 18.

We said in Great Lakes Pipe Line Co. v. City of Grand Forks, 142 N.W.2d 126 (N.D.1966), that the platting of municipalities is governed by N.D.C.C. Chapter 40–50, and that a county auditor's plat made under N.D.C.C. § 57–02–39 is for taxation purposes only, and is not a platting pursuant to N.D.C.C. Chapter 40–50.

An auditor's plat is made for taxation purposes for the convenience of the tax officials in describing the property on the tax rolls and does not confer rights in or transfer title to land.

Not only is there a failure in the record to show a plat prepared in compliance with Chapter 40–50, but there is also a failure to show that the owner or owners of the fee simple title of the land have caused a plat to be made, and the streets and public ways dedicated thereby.

It may be stated as a general rule that no one except the owner of an unlimited estate or an estate in fee simple, or someone by him expressly authorized, can make a dedication of land. * * *

26 C.J.S. Dedication § 7, p. 405.

There is evidence in this case of an agreement with the City whereby Mayer agreed to convey the strip of land to be dedicated for street purposes, reserving the right to keep his commercial sign in place on the strip of land. For this purpose he was to convey the strip of land to the Jamestown National Bank, but the record is silent as to what the Bank was to do or what it did to carry out the agreement. There is nothing in the record of a platting made by it. So far as the record shows, if it shows anything at all, the title to the strip of land is still in Mayer. The testimony of Mayer is very vague and uncertain about the kind of instrument he gave relating to the transfer of the strip of land, and to whom. He said he did not give a deed to the bank.

We are of the opinion that the record does not show a clear and undisputed title to the plaintiffs in the strip of land as a street abutting to Lot 18 owned by them. The plaintiffs seeking an injunction in this case have proceeded on the theory that they have title to the property on which the sign is located. Mayer has disputed the title of the plaintiffs, contending that he is the owner of the strip of land, and therefore the title to the property has become an issue. We have reviewed the evidence and find that the plaintiffs have failed to show that they have a clear and undisputed title to or right of possession in the strip of land in themselves, and, therefore, they are not entitled to an injunction. This court, in Farmers Union Oil Co. of Epping v. Kilgore, 71 N.D. 199, 299 N.W. 318, 320, said:

> The rule is set forth in 32 C.J. 134 that "an injunction will not issue, the effect of which will be to take land out of the possession of one party and put it in the possession of another, at least until complainant's title had been established at law."

We will next consider the allegation that the sign was in violation of a city ordinance prohibiting commercial signs on a boulevard. The City of Jamestown admitted that such an ordinance was in effect, but alleged that the sign came under an exception thereto permitting signs erected by the City under lawful authority of, or at the direction of, the City. A copy of this ordinance was admitted into evidence. We need not pass on whether there was a violation of the ordinance by the erection of Mayer's sign, however, in view of the record. There is no evidence to show that the sign is located on land controlled by the ordinance. In fact, the plaintiffs have failed to prove where the sign is located.

The plaintiffs alleged that the sign constituted both a public and a private nuisance. At the trial, however, they failed to show facts establishing that it was a nuisance in any sense. Their testimony tended only to state their conclusion that the sign had harmed their business to some unspeci-

fied degree. They did not show any actual damage resulting from the presence of the sign.

In 39 Am.Jur., Nuisances, § 73, we find the following statements regarding signs and billboards as constituting a nuisance:

Signs, billboards, and similar advertisements, when placed on private lands, are held not to be nuisances per se where they are safely and substantially constructed, maintained in a clean and sightly manner, and carry no objectionable advertisements. * * *

The sign where located was not a nuisance per se, nor was it a nuisance per accidens. Mr. Frandsen testified that the sign did not block access to the street or interfere with any right they may have had to an easement of light, air and view. Mr. Frandsen testified that the sign had an adverse effect upon the business because

A. Well, people—strangers, tourists—don't know if it's a Motel or a trucking concern or what it is, because of the sign being where it is.

* * * * * *

Q. Who missed your motel because of the fact that sign was up?

A. I don't see them.

Q. Are you sure there were any of them?

A. Positive.

Q. How do you know?

A. I have seen people driving by and they see a truck sign and they just drive on * * * I have seen this happen many times.

But he does not testify to any specific instances where this did occur. Frandsens have not shown any damage or violation of their private rights.

The plaintiffs alleged that the sign constituted a public nuisance, and the trial court so held. Our statute defines a public nuisance as follows:

A public nuisance is one which at the same time affects an entire community or neighborhood or any considerable number of persons, although the extent of the annoyance or damage inflicted upon the individuals may be unequal.

North Dakota Century Code § 42–01–06.

A nuisance may be public though it does not inflict injury to all of the public. It is sufficient if it injures any considerable number of people who may have to come in contact with it. State ex rel. Burgum v. Hooker, N.D., 87 N.W.2d 337.

A private person may maintain an action for a public nuisance if it is specially injurious to himself or his property, but not otherwise.

North Dakota Century Code § 42–01–08.

As we have said before, there is no evidence in this case to show that the plaintiffs suffered any injury to themselves or to their property by the sign; therefore, under the statute, § 42–01–08, they may not maintain an action for a public nuisance.

In regard to the counterclaim of Mayer, we have reviewed the record and find that he has failed in his proof of the damages alleged in his counterclaim.

The judgment is reversed as to the judgment in favor of the plaintiff, and affirmed as to the judgment dismissing the defendant's counterclaim.

TEIGEN, C. J., and ERICKSTAD and STRUTZ, JJ., concur.

PAULSON, J., not having been a member of the Court at the time of submission of this case, did not participate.

On Petition for Rehearing

The plaintiffs have filed a petition for rehearing upon the ground that the plat known as Auditor's Plat No. 3 was made by a licensed surveyor and was dedicated by the then owner of the premises, viz., Jamestown National Bank, to which petition a photocopy of the plat was attached.

 This court on appeal or on petition for rehearing cannot consider evidence not contained in the settled statement of the case. Donovan v. Johnson, 67 N.D. 450, 274 N.W. 124; Fisher v. Betts, 12 N.D. 197, 96 N.W. 132; Nichols v. Roberts, 12 N.D. 193, 96 N.W. 298.

 As the exhibit presented with the petition for rehearing is not a part of the settled statement of the case we cannot consider it.

The petition for rehearing is denied.

STRUTZ, Acting C. J., and ERICK-STAD, J., concur.