STATE of North Dakota, Plaintiff
and Respondent,

v.

Howard JACOBSON, Defendant
and Appellant.

Civ. No. 8448.

Supreme Court of North Dakota.

Feb. 2, 1968.

Waldron & Kenner, Minot, for defendant and appellant.

Helgi Johanneson, Atty. Gen., Bismarck, Joseph C. McIntee, State's Atty., and Thomas L. Burgum, Asst. State's Atty., Towner, for plaintiff and respondent.

PAULSON, Judge.

This case involves an appeal from an order denying a motion for a new trial and an attempted appeal from a judgment in an action to determine the paternity of a child born to an unwed mother.

The appellant, Howard Jacobson, was found to have been the father of a child born to the complaining witness, Elaine Phillips, on September 29, 1964. The jury verdict so finding was rendered on September 27, 1965, and service of a copy of the judgment entered on such verdict was admitted on December 1, 1965. The notice of appeal, although ambiguous, is purportedly from both the judgment and the order denying a motion for a new trial. This notice was served on April 10, 1967, and filed on April 18, 1967, or well over a year from the entry of judgment.

■ On the oral argument, Jacobson presented a motion, requesting permission to file two affidavits in support of the appeal. These affidavits were not a part of the record, and were not presented to the trial court. This court will not take cognizance of evidence by affidavit presented for the first time after the appeal is perfected. Donovan v. Johnson, 67 N.D. 450, 274 N.W. 124; Fisher v. Betts and Smith, 12 N.D. 197, 96 N.W. 132; Nichols v. Roberts, 12 N.D. 193, 96 N.W. 298.

■ Section 28-27-04 of the North Dakota Century Code provides that an appeal from a judgment may be taken within six months after written notice of the entry thereof, when the aggrieved party has appeared in the action. This section is mandatory and jurisdictional, and a failure to comply with its terms leaves this court with no recourse except to dismiss the appeal from the judgment. Stetson v. Investors Oil, Inc. (N.D.), 140 N.W.2d 349; Gunsch v. Boehler (N.D.), 91 N.W.2d 343. The appeal from the judgment is accordingly dismissed.

Subsequent to the entry of judgment, Jacobson moved for a new trial. This motion was based upon the ground of newly discovered evidence. Under Rule 59(c), N.D.R.Civ.P., a motion for a new trial based on newly discovered evidence must be made within six months after the return of the verdict. The verdict was returned, as pointed out above, on September 28, 1965. The motion for a new trial was not served until May 16, 1966, more than 7 months after the return of the verdict. When the motion for a new trial was resisted upon the ground that it was made too late under Rule 59(c), Jacobson sought to have the motion considered as being made under Rule 60(b), N.D.R.Civ.P., which states in pertinent part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order in any action or proceeding for the following reasons: * * * *(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); * * * The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment or order was entered in the action or proceeding. * * * [Emphasis supplied.]*

■ Accompanying the motion was the unsworn statement of Walter V. Bero, which, it was claimed, constituted the newly discovered evidence. This statement is dated March 3, 1966, or 157 days after the verdict. Thus, the movant had 23 days in which to make a timely motion for a new trial under Rule 59(c), N.D.R.Civ.P., and is therefore precluded from having his mo-

**72**

tion for relief considered under subsection (2) of Rule 60(b), N.D.R.Civ.P.

The order appealed from is therefore affirmed.

TEIGEN, C. J., and KNUDSON, STRUTZ, and ERICKSTAD, JJ., concur.