**Irene McLEAN, Individually and as Executrix of the Estate of Howard K. McLean, Deceased, Plaintiffs-Appellants,**

v.

**Rowland E. JONES et al., Defendants-Appellees.**

**Civ. No. 8916.**

Supreme Court of North Dakota.

Nov. 30, 1976.

Daniel J. Chapman, Bismarck, for plaintiffs-appellants.

H. G. Ruemmele, Grand Forks, for defendants-appellees.

PAULSON, Judge.

This is a motion to dismiss an appeal from a judgment. Defendants' motion to dismiss alleges that an order dismissing the appeal should be granted because of plaintiffs' failure to timely file the notice of appeal and plaintiffs' failure to perfect the appeal.

The underlying appeal is from the judgment of the District Court of Ramsey County entered on October 10, 1972. The plaintiffs were then represented by two counsel at the trial in the district court—Mr. Jack R. Christensen, now deceased, and Mr. Irvin B. Nodland. Notice of entry of judgment was served upon these attorneys for the plaintiffs by mail on October 16, 1972. Mr. Christensen died during open heart surgery on January 8, 1973. Mr. Nodland, who had participated in the trial and who was fully aware of his colleague's condition, failed to file the notice of appeal within the prescribed time period, but, rather, requested an extension of the time for appeal from the trial court. The trial court granted Mr. Nodland's request and extended the time for appeal until April 16, 1973. The plaintiffs retained new counsel, Mr. Daniel J. Chapman, sometime before April 16, 1973, and Mr. Chapman filed the notice of appeal on April 16, 1973—a full six months after the notice of entry of judgment had been served upon the attorneys who had represented the plaintiffs on October 16, 1972. Since April 16, 1973, no further action has been taken by the plaintiffs, other than to appear and defend this motion by oral argument.

Defendants contend that this court is without jurisdiction to hear this appeal because the notice of appeal was filed well beyond the ninety days allowed for serving a notice of appeal and filing of the same under the requirements of § 28–27–04 of the North Dakota Century Code, which provides:

"*Time for appeal.*—An appeal from a judgment may be taken within ninety

days after the entry thereof by default or after written notice of the entry thereof, in case the party against whom it is entered has appeared in the action, and from an order within sixty days after written notice of the same shall have been given to the party appealing." [1]

This court has held that where an appeal from a judgment is not taken within the statutory period, the Supreme Court is without power to do more than dismiss the appeal, as it is a jurisdictional matter. *Farmers Union Grain Terminal Ass'n v. Briese*, 192 N.W.2d 170 (N.D.1971); *State v. Jacobson*, 156 N.W.2d 70 (N.D.1968).

The plaintiffs argue that the notice of appeal was timely filed pursuant to the trial court's order extending the time for appeal. The plaintiffs urge that this court accept the trial court's extension of the time for filing because of the plaintiffs' reliance upon the order—even though no case law or statutory provisions support the existence of such a power in the trial court. Plaintiffs argue that the equitable powers of this court should be invoked to correct such a defect where the plaintiffs had one counsel die, co-counsel improperly requested an extension of the time for appeal, and the district judge granted such an extension. We reject the plaintiffs' argument, finding no power of this court or of the trial court to enlarge the time for filing a notice of appeal. The plaintiffs would be further barred by laches from reaching this court's equitable powers, even if such powers existed.

We further find that where the plaintiffs were represented by experienced counsel, capable of filing a notice of appeal within the statutory time period because such counsel had actively participated in the plaintiffs' case at trial, and was fully aware of his co-counsel's inability to perfect the appeal because of his lengthy illness, which culminated in his death on January 8, 1973; therefore, no justification exists for the late filing of a notice of appeal.

Defendants also contend that plaintiffs' appeal should be dismissed because the plaintiffs have failed to perfect the appeal, including the filing of briefs as required by Rule 31, N.D.R.App.P.[2]

Rule 31(c), N.D.R.App.P., provides in pertinent part:

"(c) *Consequence of failure to file briefs.* If an appellant fails to file his brief within the time provided by this rule, or within the time as extended, an appellee may move for dismissal of the appeal. . . ."

Rule 11(a), N.D.R.App.P., requires that the record on appeal be transmitted to the Supreme Court within forty days after the filing of the notice of appeal. Rule 31(a), N.D.R.App.P., requires that the appellant serve and file his brief within forty days after the date on which the record is filed. The Rules thus allow a maximum of eighty days after the filing of the notice of appeal before the appellant must serve his briefs, unless for good cause shown a motion to enlarge such time as prescribed is made and granted, pursuant to Rule 26(b), N.D.R.App.P.

In the instant case, no motion for enlargement of time has been made by the

---

1. Rule 49(a) of the North Dakota Rules of Appellate Procedure provides:

   "These rules shall take effect on March 1, 1973. They shall govern all proceedings and actions brought after they take effect, and all further proceedings in actions then pending, except to the extent that, in the opinion of the supreme court, their application in a particular action pending when the rules take effect would not be feasible, or would work an injustice, in which event the previous procedure shall apply."

In the instant case, we find it most equitable to apply the previous rules of Practice in Causes as to the time for filing the notice of appeal.

2. Since the notice of appeal in the instant case was filed 47 days after the effective date of the Rules of Appellate Procedure, we find it both feasible and equitable to apply such Rules to the instant case in all matters after the filing of the notice of appeal. We note that a similar result would have been reached through the application of the old Rules of Practice in Causes. *Wagener, Inc. v. William Clairmont, Inc.*, 211 N.W.2d 751, 755–756 (N.D.1973).

plaintiffs, and three and one-half years have elapsed since the plaintiffs filed the notice of appeal. This court finds such unexcused delay in failing to perfect the appeal to constitute adequate grounds for dismissal of the plaintiffs' appeal.

This court grants the motion for dismissal and allows the usual statutory costs on mandate. In addition thereto, we grant motion costs in the sum of $50.00.

ERICKSTAD, C. J., and PEDERSON, VOGEL and SAND, JJ., concur.