2014 ND 126

Robert HALE, individually and State of North Dakota ex rel., Robert Hale, and Susan Hale, Plaintiffs and Appellants

v.

WARD COUNTY, City of Minot, and Bea Shaw, Defendants and Appellees.

No. 20130348.

Supreme Court of North Dakota.

June 24, 2014.

Lynn M. Boughey, Bismarck, N.D., for plaintiffs and appellants.

Bradley N. Wiederholt (argued) and Randall J. Bakke (on brief), Bismarck, N.D., for defendants and appellees.

McEVERS, Justice.

[¶ 1] Robert Hale, individually and on behalf of the State of North Dakota, and Susan Hale appeal from a summary judgment dismissing their public nuisance claim against Ward County and the City of Minot. We conclude the Hales, as private persons, are not entitled to maintain a claim for a public nuisance under N.D.C.C. § 42–01–08, because they did not show the alleged public nuisance is specially injurious to them. We affirm.

I

[¶ 2] The Hales have a house on agricultural land about one mile southeast of a shooting range in Ward County, which is used to train local, state, and federal law enforcement officers. Several other farms and homes are located near the Hales' property and the law enforcement shooting range, and County Road 12 runs adjacent to the west side of that shooting range.

[¶ 3] In *Gowan v. Ward Cnty. Comm.*, 2009 ND 72, ¶¶ 1–2, 764 N.W.2d 425, this Court affirmed a Ward County Commission zoning decision denying David Gowan's application to rezone his land, which is about one-quarter mile downrange from the law enforcement shooting range, from agricultural to residential for construction of a residential subdivision. The Ward County Commission denied Gowan's application, citing safety concerns resulting from the proximity of his land to the law enforcement shooting range, and this Court held the Commission's decision was supported by substantial evidence and was not arbitrary, capricious, or unreasonable. *Id.* at ¶¶ 2, 9.

[¶ 4] In an amended complaint, the Hales sued Ward County and Minot, alleging that the law enforcement shooting range was a private and a public nuisance and that the shooting range devalued their property, resulting in a governmental taking. The Hales claimed the law enforcement shooting range posed a danger to their property, to Gowan's property, to other neighbors' property, and to the general public using County Road 12. The Hales claimed this Court's decision in *Gowan* conclusively established their claim and sought to enjoin and to abate the use of the property as a law enforcement shooting range. Ward County and Minot answered, claiming that the law enforcement shooting range was a sports range under N.D.C.C. § 42–01–01.1 and that the shooting range was not a public or a private nuisance. The district court granted summary judgment dismissing the Hales' action.

[¶ 5] In *Hale v. Ward Cnty.*, 2012 ND 144, ¶¶ 1, 28, 30, 818 N.W.2d 697, this Court affirmed the summary judgment in part, reversed in part, and remanded for further proceedings on the Hales' public nuisance claim. This Court discussed the differences between a private and a public nuisance and explained different evidence was relevant to the Hales' claims for a private and a public nuisance. *Id.* at ¶¶ 22–23, 26. This Court affirmed the summary judgment dismissing the Hales' private nuisance claim, concluding they failed to present competent evidence supporting their claim the law enforcement shooting range posed a danger to their property. *Id.* at ¶ 25. This Court concluded that to the extent the Hales claimed a public nuisance for injury to their neighbors' property, their failure to establish injury sufficient to sustain their private nuisance claim for danger to their property necessarily meant they could not show a special injury required to represent the entire community or neighborhood of persons harmed by the alleged public nuisance. *Id.* at ¶ 26. This Court concluded, however, there were disputed issues of fact about the Hales' claim that the law enforcement shooting range was a public nuisance for users of County Road 12 because of the proximity of County Road 12 to the shooting range. *Id.* at ¶¶ 26–28. This Court reversed the summary judgment on the Hales' public nuisance claim about use of County Road 12 and remanded for further proceedings on that claim. *Id.* at ¶¶ 28, 30. This Court recognized, however, that Ward County and Minot had not argued the Hales failed to meet the "specially injurious" requirement for a public nuisance claim under N.D.C.C. § 42–01–08, and neither the parties nor the district court had addressed the propriety of the Hales bringing an action to abate the law enforcement shooting range under N.D.C.C. ch. 42–02. *Hale*, at ¶ 26. This Court expressed no position whether the Hales' use of County Road 12 qualified them to maintain their public nuisance claim. *Id.*

[¶ 6] On remand, the district court concluded "private citizens can bring an action

'ex rel.', but as a threshold matter, such citizens must first satisfy the special injury showing of N.D.C.C. § 42–01–08 or their public nuisance claim must be dismissed." The court granted Ward County and Minot summary judgment on the remanded claim for public nuisance regarding the Hales' use of County Road 12, concluding as a matter of law they failed to meet the "specially injurious" requirement for a private person to maintain a public nuisance claim under N.D.C.C. § 42–01–08. The court also denied the Hales' request to join additional neighbors as parties to their action.

## II

[¶ 7] In *Hale*, 2012 ND 144, ¶¶ 12–13, 818 N.W.2d 697 (citations and quotation marks omitted), this Court described the well-established standard for reviewing a summary judgment:

> Summary judgment is a procedural device for promptly resolving a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if resolving factual disputes will not alter the result. A party seeking summary judgment bears the initial burden of showing there is no genuine dispute regarding the existence of a material fact. When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading[.] Rather, the party resisting the motion must set forth specific facts by presenting competent, admissible evidence, whether by affidavit or by directing the court to relevant evidence in the record, demonstrating a genuine issue of material fact.
>
> Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record. On appeal, we decide whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. We view the evidence in the light most favorable to the opposing party and give the opposing party the benefit of all favorable inferences which can be reasonably drawn from the record.

## III

[¶ 8] The Hales argue the district court erred in granting summary judgment on their public nuisance claim. They argue they presented sufficient evidence the alleged public nuisance was specially injurious to Robert Hale to raise a genuine issue of material fact about their right as private persons to maintain an action for a public nuisance under N.D.C.C. § 42–01–08. They argue the court erred in granting summary judgment because Robert Hale's use of County Road 12 and evidence of bullet holes in signs near the road and law enforcement shooting range raise a genuine issue of material fact about whether the range was specially injurious to the Hales.

[¶ 9] The Hales' arguments require us to again distinguish between a private and a public nuisance. *See Hale*, 2012 ND 144, ¶ 22, 818 N.W.2d 697. Section 42–01–01, N.D.C.C., describes acts or omissions that constitute a nuisance and applies to both a private and a public nuisance. *Hale*, at ¶¶ 16, 26. "A private nuisance is one which affects a single individual or a determinate number of persons in the enjoyment of some private right not common to the public." N.D.C.C. § 42–01–02. Remedies for a private nuisance are a civil action or abatement. N.D.C.C. § 42–01–03.

[¶ 10] In contrast, "[a] public nuisance is one which at the same time affects an entire community or neighborhood or any considerable number of persons, although the extent of the annoyance or damages inflicted upon the individuals may be unequal." N.D.C.C. § 42–01–06. Section 42–01–07, N.D.C.C., describes the remedies for a public nuisance as indictment, filing an information, bringing a criminal action before a district judge, a civil action, or abatement.

[¶ 11] In *Hale*, 2012 ND 144, ¶¶ 25, 27–28, 818 N.W.2d 697, we affirmed the dismissal of the Hales' private nuisance claim, but we concluded there were disputed issues of material fact about whether the law enforcement shooting range constituted a public nuisance. We remanded for further proceedings on the public nuisance claim, including whether the Hales, as private persons, met the specially injurious requirement to maintain a public nuisance claim under N.D.C.C. § 42–01–08 and the propriety of them bringing an action to abate the law enforcement shooting range under N.D.C.C. ch. 42–02. *Hale*, at ¶¶ 26–28.

[¶ 12] The remanded issue involves the Hales' right as private persons to maintain a public nuisance claim, which implicates several statutes in N.D.C.C. chs. 42–01 and 42–02 that address the right to maintain a public nuisance claim. Under those statutory provisions "[a] public nuisance may be abated by any public body or officer authorized thereto by law." N.D.C.C. § 42–01–09. Under N.D.C.C. § 42–02–01, the "attorney general, the state health officer, the state's attorney, or any citizen of the county where a nuisance exists or is maintained, may bring an action in the name of the state to abate and perpetually enjoin the nuisance." As relevant to the issue on remand, "[a] private person may maintain an action for a public nuisance if it is

specially injurious to that person or that person's property, but not otherwise." N.D.C.C. § 42–01–08. Moreover, "[a]ny person may abate a public nuisance which is specially injurious to that person by removing, or, if necessary, destroying, the thing which constitutes the nuisance, but that person shall not commit a breach of the peace or do unnecessary injury while exercising this right." N.D.C.C. § 42–01–10.

[¶ 13] Statutory interpretation is a question of law, fully reviewable on appeal. *State v. Martin*, 2011 ND 6, ¶ 5, 793 N.W.2d 188. In interpreting statutes, the primary objective is to ascertain the intent of the legislation, and we first look to the statutory language to determine intent. *Id.* Words in a statute are given their plain, ordinary, and commonly understood meaning unless defined by statute or unless a contrary intention plainly appears. N.D.C.C. § 1–02–02. Statutes are construed as a whole and are harmonized to give meaning to related provisions. N.D.C.C. § 1–02–07. If the language of a statute is clear and unambiguous, the letter of the statute must not be disregarded under the pretext of pursuing its spirit. N.D.C.C. § 1–02–05. If the language of a statute is ambiguous, however, a court may resort to extrinsic aids to determine the intent of the legislation, including the object sought to be attained, the circumstances under which the legislation was enacted, and the legislative history. N.D.C.C. § 1–02–39. A statute is ambiguous if it is susceptible to different, rational meanings. *Martin*, at ¶ 5.

[¶ 14] When the language of N.D.C.C. §§ 42–01–08, 42–01–10, and 42–02–01 is considered together to give meaning to each provision, we conclude the statutes permit any citizen of a county where a claimed nuisance exists to bring an action in the name of the state to abate

and perpetually enjoin the nuisance. However, private persons, like the Hales, may maintain a public nuisance claim under N.D.C.C. §§ 42–01–08 or 42–01–10 in their own right or in the name of the state only if the claimed public nuisance is "specially injurious" to them, or their property, but not otherwise.

[¶ 15] We thus consider the meaning of "specially injurious" in N.D.C.C. § 42–01–08. In *Frandsen v. Mayer*, 155 N.W.2d 294, 295–99 (N.D.1967), this Court discussed whether a billboard sign constituted a private or a public nuisance in the context of a trial de novo review of a trial court determination that the sign was a public and a private nuisance. This Court held the plaintiffs' conclusory evidence the sign harmed their business failed to establish the sign damaged or violated their private rights so as to constitute a private nuisance. *Id.* at 297–98. This Court also held because the plaintiffs presented no evidence to show the sign caused injury to themselves or their property, they could not maintain an action for a public nuisance under N.D.C.C. § 42–01–08. *Frandsen,* at 298.

[¶ 16] This Court's decision in *Frandsen* does not otherwise expound on the meaning of "specially injurious" in N.D.C.C. § 42–01–08. The source note for N.D.C.C. § 42–01–08 reflects it was derived from Cal. Civ.Code § 3493, which was enacted in California in 1872. *See* Cal. Civ.Code § 3493 (2012). California courts have long construed the California provision to authorize a private person to maintain an action for a public nuisance if the private person suffers harm of a kind different from that suffered by other members of the public and the injury was suffered while exercising a right common to the general public that was the subject of the interference. *See, e.g., Koll–Irvine Ctr. Prop. Owners Ass'n v. County of*

*Orange,* 24 Cal.App.4th 1036, 29 Cal. Rptr.2d 664, 666–67 (1994); *Venuto v. Owens–Corning Fiberglas Corp.,* 22 Cal. App.3d 116, 99 Cal.Rptr. 350, 355–57 (1971); *Aram v. Schallenberger,* 41 Cal. 449, 451 (1871). *See also* Annot. *What Constitutes Special Injury that Entitles Private Party to Maintain Action Based on Public Nuisance—Modern Cases,* 71 A.L.R.4th 13 § 2 (1989); 58 Am.Jur.2d *Nuisance* § 209 (2012).

[¶ 17] In *Venuto,* 99 Cal.Rptr. at 354–55, the California Court of Appeals said the plaintiffs pled facts sufficient to state a public nuisance claim if the action had been brought by a public body or officer, but the plaintiffs failed to plead sufficient facts entitling them, as county residents, to maintain a public nuisance claim against a defendant operating a fiberglass manufacturing plant in the county. The court aptly described California precedent for standing to maintain a public nuisance claim:

The remedies against a public nuisance, i.e., the redress for the wrong to the community, are by indictment or information, a civil action, or abatement. (Civ.Code, § 3491.) Adverting specifically to the remedy by way of a civil action, since this is the remedy with which we are here concerned, we apprehend the law of this state to be that such action is ordinarily properly left to the appointed representative of the community and may be maintained by a private person *only* if the public nuisance is specially injurious to him. (Civ.Code, § 3493; see Code Civ. Proc., § 731; and see Prosser on Torts (3d ed.) at p. 608.) Section 3493 of the Civil Code specifically provides that "A private person may maintain an action for a public nuisance, *if it is specially injurious to himself, but not otherwise.*" (Emphasis added.) The genesis of this rule is found in the

common law which recognized that "the action would lie if the plaintiff could show that he had suffered special damage over and above the ordinary damage caused to the public at large by the nuisance." (Prosser on Torts (3d ed.) at p. 608.)

In applying the rule articulated in section 3493 to a particular case, cognizance must be taken as to whether the public nuisance alleged is also a private nuisance, since this factor is important in determining how the statute is to be applied. The difference becomes important in view of the fundamental principle that a private nuisance is a civil wrong based on disturbance of rights in land while a public nuisance is not dependent upon a disturbance of rights in land but upon an interference with the rights of the community at large. (Prosser on Torts (3d ed.) at p. 594.)

Where the nuisance alleged is not also a private nuisance as to a private individual he does not have a cause of action on account of a public nuisance unless he alleges facts showing special injury to himself in person or property of a character different *in kind* from that suffered by the general public. (*Ward v. Oakley Co.*, 125 Cal.App.2d 840, 850, 271 P.2d 536 [ (1954) ]; *Donahue v. Stockton Gas, etc., Co.*, 6 Cal.App. 276, 279–280, 92 P. 196 [ (1907) ]; *Wallace v. MacDonough Theater Co.*, 34 Cal.App. 498, 499, 168 P. 144 [ (1917) ]; *Voorheis v. Tidewater Southern Ry. Co.*, 41 Cal.App. 315, 320, 182 P. 797 [ (1919) ]; *Hitch v. Scholle*, 180 Cal. 467, 468–469, 181 P. 657 [ (1919) ]; *Frost v. City of Los Angeles*, 181 Cal. 22, 24, 183 P. 342 [ (1919) ]; *Brown v. Rea*, 150 Cal. 171, 174, 88 P. 713 [ (1907) ]; *Thompson v. Kraft Cheese Co.*, 210 Cal. 171, 178, 291 P. 204 [ (1930) ].) Under this rule the requirement is that the plaintiff's damage be different in kind, rather than in degree,

from that shared by the general public. (*Voorheis v. Tidewater Southern Ry. Co.*, supra; *Brown v. Rea*, supra; *Donahue v. Stockton Gas, etc., Co.*, supra; see Prosser on Torts (3d ed.) at pp. 608–609.) Where, on the other hand, the nuisance is a private as well as a public one, there is no requirement that the plaintiff suffer damage different in kind from that suffered by the general public and he "does not lose his rights as a landowner merely because others suffer damage of the same kind, or even of the same degree, . . ." (Prosser on Torts (3d ed.) p. 609; see *Johnson v. V.D. Reduction Co.*, 175 Cal. 63, 65–66, 164 P. 1119 [ (1917) ]; *Fisher v. Zumwalt*, 128 Cal. 493, 496, 61 P. 82 [ (1900) ]; *Lind v. City of San Luis Obispo*, 109 Cal. 340, 343–344, 42 P. 437 [ (1895) ]; *Willson v. Edwards*, 82 Cal.App. 564, 567–569, 256 P. 239 [ (1927) ].)

*Venuto*, at 355–56.

[¶ 18] The interpretation by the California courts follows well-settled law described in Comment a to Restatement of Torts (2d) § 821C (1979), which explains the right of a private person to maintain an action for a claimed public nuisance:

[I]t is uniformly agreed that a private individual has no tort action for the invasion of the purely public right, unless his damage is to be distinguished from that sustained by other members of the public. It is not enough that he suffers the same inconvenience or is deprived of the same enjoyment or is exposed to the same threat of injury as everyone else who may be exercising the same public right. Redress of the wrong to the entire community is left to its duly appointed representatives. The reasons usually given for the rule are that it is essential to relieve the defendant of the multiplicity of actions that might follow if everyone were free to sue for the

common wrong; and that any harm or interference shared by the public at large will normally be, if not entirely theoretical or potential, at least minor, petty and trivial so far as the individual is concerned.

▪ [¶ 19] We have said California court's interpretations of statutes from which our statutes are derived may be highly persuasive for construing our statutes. *Estate of Zins,* 420 N.W.2d 729, 731 (N.D.1988). We follow the well-established construction of language similar to N.D.C.C. § 42–01–08 and construe the "specially injurious" language of that statute to authorize a private person to maintain a public nuisance claim if the private person suffers harm of a kind different from that suffered by other members of the public and the injury was suffered while exercising a right common to the general public.

▪ [¶ 20] In *Hale,* 2012 ND 144, ¶¶ 25–26, 818 N.W.2d 697, this Court held the Hales failed to present competent evidence supporting their private nuisance claim, and they were not entitled to maintain a public nuisance claim for injury to their property. During oral argument to this Court, counsel for the Hales conceded that no evidence was presented regarding Susan Hale's use of County Road 12 and that the district court correctly dismissed her public nuisance claim. We agree and we affirm the dismissal of Susan Hale's claim because she failed to demonstrate the shooting range was specially injurious to her in a manner different than that of other members of the public.

▪ [¶ 21] In *Hale,* 2012 ND 144, ¶ 28, 818 N.W.2d 697, we said evidence of bullet holes in signs near the shooting range and County Road 12 raised factual issues about whether the shooting range posed an unlawful danger and was a public nuisance. We agree with the district court's analysis on remand that Robert Hale's use of County Road 12 once or twice a month to visit friends does not demonstrate the range was specially injurious to him in a manner different from other members of the public under N.D.C.C. § 42–01–08 so as to entitle him, as a private person, to maintain an action for a public nuisance. Under these circumstances, allowing Robert Hale to maintain this action on behalf of the State under N.D.C.C. § 42–02–01 would eviscerate the plain language of N.D.C.C. § 42–01–08. We construe those statutes together to require a private person bringing a public nuisance action to show a special injury to that person of a harm different in kind from that suffered by other members of the public.

▪ [¶ 22] The Hales nevertheless argue the district court should have considered the risk of special injury to other third persons using County Road 12 in deciding their right to maintain an action for a public nuisance and the court erred in interpreting nuisance law to require actual injury, not a risk of injury, before an action may be brought. The issue remanded in *Hale,* 2012 ND 144, ¶¶ 26–28, 818 N.W.2d 697, involved a public nuisance claim, and the Hales' arguments about injury to other third persons raise issues that were decided adversely to them in their prior appeal. The Hales' argument ignores the specific nature of this Court's remand on the specially injurious issue to determine the right to maintain a public nuisance claim in the context of Robert Hale's use of County Road 12 and the evidence of bullet holes in signs near the shooting range and County Road 12. *Id.* at ¶¶ 27–28. To the extent the Hales raise issues that were decided adversely to them in their prior appeal, this Court's decision in that appeal controls the resolution of those issues. *See Riverwood Commercial Park, L.L.C. v. Standard Oil Co., Inc.,*

2007 ND 36, ¶ 12, 729 N.W.2d 101 (discussing law of case).

[¶ 23]   On the record before the district court in this case, we conclude Robert Hale is not a proper private person to maintain a claim for a public nuisance for the law enforcement shooting range, and we affirm the summary judgment dismissing his public nuisance claim.

### III

[¶ 24]   The Hales also argue the district court erred in denying their request to allow joinder of additional neighbors as necessary parties to their action.

[¶ 25]   The joinder of parties in an action is subject to the sound discretion of the district court. *In re Estate of Murphy*, 554 N.W.2d 432, 438 (N.D.1996). A district court abuses its discretion when its decision is arbitrary, unconscionable, or unreasonable, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination. *In re Estate of Shubert*, 2013 ND 215, ¶ 27, 839 N.W.2d 811.

[¶ 26]   The district court denied the Hales' motion for joinder, concluding the motion was not timely and similar issues about a public nuisance could be addressed in a pending lawsuit by Gowan against Ward County. *See Hale*, 2012 ND 144, ¶ 3, 818 N.W.2d 697 (discussing evidence from County Commission zoning decision involving Gowan property).   On the record in this case, we conclude the court's decision was not arbitrary, unconscionable, or unreasonable, was not a misapplication of the law, and was the product of a rational mental process leading to a reasoned determination.   We conclude the court did not abuse its discretion in denying the Hales' request to allow joinder of their neighbors as parties to this action.

### IV

[¶ 27]   We affirm the district court summary judgment.

[¶ 28] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, DALE V. SANDSTROM, and DANIEL J. CROTHERS, JJ., concur.