[S. F. No. 690.   Department One.—September 23, 1897.]

## CHRISTIAN H. INGWERSEN, Respondent, v. BRIDGET BARRY, Appellant.

FENCE—NUISANCE—OBSTRUCTION TO LIGHT AND AIR—INJUNCTION.—A fence, erected wholly upon the land of the defendant, is not a division fence within the meaning of the act of March 9, 1885, limiting the height of division fences and partition walls in cities and towns, and an adjoining proprietor cannot enjoin it as a nuisance merely because it obstructs the passage of light and air to his building.

ID.—ANCIENT LIGHTS.—The English doctrine of "ancient lights" does not obtain in this country; and the legislature cannot vest in an adjoining proprietor the right to prevent his neighbor from building upon his own land such structure as he may see fit, provided it is not a nuisance.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial.   William R. Daingerfield, Judge.

The facts are stated in the opinion of the court.

M. Cooney, for Appellant.

J. D. Sullivan, for Respondent.

VAN FLEET, J.—The evidence shows without conflict that the structure which the complaint denominates a fence, and which it is sought to have abated as a nuisance, was erected and stands wholly upon the lot of defendant. In view of that fact, the question much controverted by counsel, whether the evidence sustains the implied finding of the jury that the structure is a fence, is wholly immaterial to the rights of the parties. Whether it was shown to be a fence, or, as contended by defendant, a building erected and used for domestic purposes, the plaintiff established no right to have it abated. The theory upon which plaintiff bases his claim that the structure is a nui-

sance is that it was unlawfully constructed in violation of an act of the legislature passed March 9, 1885, "regulating the height of division fences and partition walls in cities and towns" (Stat. 1885, p. 45), and that it interferes with the comfortable enjoyment of his property by obstructing the access of light and air to the building on his abutting premises.

But, assuming that the structure was properly found to be a fence, it is not within the inhibition of that statute. In the quite recent case of *Western Granite etc. Co. v. Knickerbocker*, 103 Cal. 111, it was held by this court, speaking through Mr. Justice Temple (then commissioner), that that act must be construed as referring only to fences or walls resting upon the division line between adjoining proprietors; that the English doctrine of "ancient lights" does not obtain in this country, and that it was not competent for the legislature to vest in an adjoining proprietor the right to prevent his neighbor from building upon his own land such structure as he may see fit, provided it is not a nuisance; and that it is not a nuisance, merely because it obstructs the passage of light and air to the building of the adjoining owner. Under the principles there announced, which are firmly established by the courts of the United States, and to which we adhere, the plaintiff made no case entitling him to recover.

The judgment and order are reversed.

Garoutte, J., and Harrison, J., concurred.