[L. A. No. 4025.   Department One.—May 4, 1917.]

## W. R. JOHNSON, Respondent, v. V. D. REDUCTION COMPANY (a Corporation), et al., Appellants.

PUBLIC NUISANCE—ABATEMENT BY INDIVIDUAL—INTERFERENCE WITH USE OF PRIVATE PROPERTY.—The fact that a nuisance giving rise to offensive odors and smells is of a public nature does not deprive an individual plaintiff of the right to an action for its abatement, if it interfered with or obstructed the use and enjoyment of his private property.

ID.—ABATEMENT BY MUNICIPAL OFFICERS.—The amendment of 1905 to section 731 of the Code of Civil Procedure authorizing the institution of civil actions for the abatement of public nuisances by municipal officers, did not abolish such individual right of action.

APPEAL from a judgment of the Superior Court of Los Angeles County.   W. M. Conley, Judge.

The facts are stated in the opinion of the court.

Collier & Clark, and James E. Shelton, for Appellants.

Robert L. Hubbard, for Respondent.

VICTOR E. SHAW, J., *pro tem.*—This is an action brought by plaintiff to enjoin the continuance of a nuisance alleged to have been created and maintained by defendants in growing and feeding hogs upon garbage produced and gathered in the city of Los Angeles, from whence it was transported in cars to a railroad switch adjacent to the lots and pens of defendants, which covered an area of about two hundred acres, where they, at all times, kept approximately thirty thousand head of swine upon a daily ration of some

three or four hundred thousand pounds of city garbage hauled out and fed to them.

The appeal is by defendants from a judgment in favor of plaintiff granting a permanent injunction as prayed for, the effect of which is to prevent defendants from shipping to said switch and distributing as feed to said hogs at the place in question garbage or similar material of a partially fermented, decayed or decaying character, and from maintaining at said place, or in the vicinity thereof, hog-pens where such material shall be kept and fed in a manner to pollute and befoul the atmosphere with noxious, unwholesome, and offensive odors, in consequence of which plaintiff and his family shall be deprived of the free use and enjoyment of his home, or which shall injuriously affect his property.

The court made findings from which it clearly appears that the effect of the operations, conducted at a place less than a mile distant from the plaintiff's home, was to create vile and noxious odors, offensive to the senses, and which reached and polluted the air in the vicinity of and in plaintiff's residence, at times rendering it unfit for occupation, thus interfering with the enjoyment thereof and causing his family great inconvenience and physical distress.

Appellants insist that there was not sufficient evidence introduced to justify the action of the court as to some of the findings made. This objection is not directed so much to the substance of the findings as to the exaggerated and superlative form of language used by the court in describing the alleged variety of offensive odors and disagreeable conditions created by the acts of defendants which, in a number of ways, as found by the court, interfered with the plaintiff and his family's comfort and health and their right to the enjoyment of his home, so alleged to be impaired and destroyed by the conditions to which he and his family were subjected. Not only was there direct testimony of witnesses in support of the findings, but inferences fairly deducible from facts proved, and the manner in which the defendants conducted the business, tend strongly to establish the material facts found by the court, and upon which the judgment is based. The fact that, as claimed by appellants, such witnesses "compared notes with plaintiff" and in testifying exhibited a partisan feeling, while a subject for consideration by the trial judge, is not one with which this court is concerned. An examina-

tion of the record discloses no just ground for the attack made upon the findings.

In their answer defendants, as a separate defense, alleged that a large number of persons, by reason of living and having homes in the vicinity of the place where the hogs were kept and fed, were equally with plaintiff affected by the operations which it was claimed constituted a nuisance, and if found to be a nuisance, then it was of a public nature as defined in section 3480 of the Civil Code, and since plaintiff suffered no special injury, he could not, by reason of section 3493 of the Civil Code, maintain an action to enjoin the same. Notwithstanding such defense was, on motion, stricken from the answer, it nevertheless appears that evidence was received upon the issue so assumed to have been raised, from which the court found: "That there are a considerable number of other persons living as near to the said hog ranch as does plaintiff, and some nearer, and in almost a direct line between plaintiff's home and said hog ranch, and the odors which arise from the hog ranch and permeate the atmosphere as heretofore described, at times, affect the other persons residing in that community in the same manner and nearly to the same degree as plaintiff."

The ruling of the court in striking from the answer the matter set up as a separate defense is assigned as error, upon which, and the findings quoted, appellants strenuously insist upon a reversal of the judgment. The contention is based upon the claim that not only, as shown by the allegations of the answer made the subject of the motion to strike out, but as shown by the quoted finding of the court, the nuisance was of a public nature as defined by section 3480 of the Civil Code, as to which, as provided by section 3493 of the Civil Code, a private person may not maintain an action unless the nuisance is *"specially injurious to himself."* The facts of the case are practically identical with those involved in that of *Fisher* v. *Zumwalt,* 128 Cal. 493, [61 Pac. 82], where the nuisance complained of was caused by the manner in which a creamery was operated in a thickly settled neighborhood by reason whereof vile and offensive odors, stenches, etc., were permitted to escape and pollute the air in and about the dwellings and homes of a considerable number of persons, rendering them unfit for occupation, thus causing the plaintiff, who sued alone in said action and others similarly af-

fected, great distress and inconvenience. The court, after a lengthy discussion of the point here made, urged by the appellant therein, held that, conceding the nuisance to be of a public nature, such facts did not deprive the individual plaintiff of the right to an action for its abatement if it interfered with or obstructed the use and enjoyment of his private property; that as to each of such persons whose homes were rendered uninhabitable, and the right to personal enjoyment thereof seriously impaired by such odor and stench, a cause of action existed for the abatement of the nuisance, which each of them so specially injured might maintain. (Civ. Code, sec. 3493; Code Civ. Proc., sec. 731.) The rule adopted was approved and applied in *Meek* v. *De Latour,* 2 Cal. App. 261, [83 Pac. 300], which also was a case involving like facts to the one at bar. Counsel for appellants, conceding, if accepted as the law, the decisive character of the Zumwalt case, attack it upon the ground that, while section 731 of the Code of Civil Procedure, as it then read, in express terms authorized any person whose property is injuriously affected or whose personal enjoyment is lessened by the nuisance defined in section 3479 of the Civil Code, to sue for the abatement thereof, the effect of the amendment thereof, made in 1905, was to deprive persons so injuriously affected of the right of action. Reference to the amendment shows an added clause, the sole purpose of which was to empower district attorneys and city attorneys of their own motion to institute civil actions for the abatement of public nuisances in counties and cities and to compel them so to do when directed by the legislative authorities of counties and cities. Clearly, it was not the intention of the legislature by enacting the amendment to abridge or affect the rights given by the section prior to the amendment to private persons in maintaining actions for the abatement of nuisances, whether of a private or public nature, when the effect thereof seriously impairs their health, abridges their right to personal enjoyment, or renders their dwellings and homes unfit for occupation. Its only purpose was to provide statutory authority for the institution of civil actions for the abatement of public nuisances by municipal officers.

Counsel for appellants, in support of his claim for reversal, has cited a number of authorities to the effect that where a considerable number of persons sustain a common injury only as a result of the nuisance the injury is public—illustrations

of which are found in cases involving obstructions to high-ways and navigable streams, or offensive odors and unwhole-some smells free from habitations and which affect those only traveling upon highways or in public places. Such cases are not in point and are readily distinguished from those where the disagreeable odors and smells pollute the air in and about the dwellings and places of business of persons to such an extent as to render them uninhabitable, and cause the occupants thereof inconvenience and physical distress. (See Wood on Nuisances, 3d ed., sec. 671; *Adams* v. *City of Modesto,* 131 Cal. 501, [63 Pac. 1083].)

While conceding some apparent conflict of decisions upon the question, we are of the opinion that the correct rule to be applied is stated in the Zumwalt case, *supra,* and upon the authority thereof the judgment is affirmed.

Sloss, J., and Shaw, J., concurred.