[Civ. No. 3200. Third Appellate District.—April 27, 1927.]

J. F. WILLSON, Respondent, v. WALTER EDWARDS et al., Appellants.

[1] NUISANCES—ABATEMENT—EVIDENCE—FINDINGS—JUDGMENT-ROLL — APPEAL.—On appeal on the judgment-roll alone, in an action to abate a nuisance, it must be taken as admitted that the findings that the acts complained of constituted a private and not a public nuisance are supported by the evidence.

[2] ID.—PUBLIC NUISANCES—RIGHT OF PRIVATE INDIVIDUAL—REMEDIES. The owner of a dwelling-house may maintain an action in his private capacity for the abatement of a nuisance against persons maintaining, in a residence district, a stand for the sale of barbecued meats, coffee, soft drinks, and candy, causing offensive odors and loud and disturbing noises late at night and in the early morning hours, and in such a case the action is not required to be on behalf of the public under section 3493 of the Civil Code.

[3] ID.—INJURY TO PRIVATE PROPERTY RIGHTS—ODORS AND NOISES— REMEDIES.—If the property rights of a person are interfered with and he is deprived of the free use and enjoyment of his residence by odors and noises created by others in the operation of some private enterprise, he has a private right of action against them, even though the nuisance may become so extensive as to affect the general public and give rise to a prosecution for the abatement thereof as a public nuisance.

[4] ID.—UNUSUAL AND UNNECESSARY NOISES—INJUNCTION—CONSTRUC- TION.—In a private action by the owner of a dwelling-house against the proprietors of a lunch-stand to abate a nuisance caused

---

1. See 2 Cal. Jur. 525, 877.

3. Who may obtain injunction against public nuisance, note, 67 Am. Dec. 203. Right of private citizen to enjoin nuisance, notes, 52 Am. Rep. 574; 1 Ann. Cas. 38; 17 Ann. Cas. 1128. See, also, 3 Cal. Jur. 272, 277; 20 R. C. L. 477.

by their operation thereof, an injunction, the whole intendment of which is to restrain defendants in causing, permitting, or suffering the creation of unusual and unnecessary noises between 10 P. M. and 3 A. M., constituting a portion of the nuisance complained of, is not too broad in its scope, but restrains only unusual and unnecessary noises and not the giving of such warning signals by motorists as may be required by the laws of the state.

(1) 4 C. J., p. 777, n. 69. (2) 29 Cyc., p. 1209, n. 58. (3) 29 Cyc., p. 1208, n. 57. (4) 32 C. J., p. 370, n. 79; 29 Cyc., p. 1253, n. 1.

APPEAL from a judgment of the Superior Court of San Joaquin County. C. W. Miller, Judge. Affirmed.

The facts are stated in the opinion of the court.

Louttit, Stewart & Louttit and Levinsky & Jones for Appellants.

Daniel V. Marceau for Respondent.

PLUMMER, J.—Action by plaintiff to abate a nuisance. Plaintiff had judgment, from which the defendants appeal.

The record shows that some time during the year 1925 the defendants opened a refreshment stand at the corner of Pacific Avenue and Elm Street, in the city of Stockton. At this stand the defendants served to the public sandwiches, made of barbecued ham and beef, coffee, soft drinks, and candy. The complaint sets forth that in the operation of the business referred to the defendants caused odors, smells, and stenches offensive to the plaintiff to pollute the air in and about the dwelling-house of plaintiff, so as to deprive the plaintiff of the comfortable use and enjoyment of his premises. The complaint also charges that the defendants' place of business is patronized by a large number of people, who, in sounding the horns on their automobiles, starting their automobiles and talking, shouting, and singing, so disturbed the plaintiff that he was unable to enjoy the comfort, use, and occupation of the premises belonging to him.

The record shows that the plaintiff's premises are located in close proximity to the premises occupied by the defendants.

[1] The appeal is taken upon the judgment-roll alone and two grounds are assigned for reversal herein: 1. That the actions complained of constitute a public and not a private nuisance, and 2. That the injunction is too broad in its scope and not warranted by the findings. The appeal being upon the judgment-roll alone, it must be taken as admitted that the findings are supported by the evidence and as to the first point assigned for error, it is only a question of whether the plaintiff was so injured as to give a right of action in his private capacity for the abatement of the nuisance.

The findings, among other things, set forth that during certain hours of each day, the odors, smells, and stenches have polluted and continue to pollute the air in and about the dwelling-house of the plaintiff; that, by reason of said odors, smells, and stenches, the enjoyment by said plaintiff and his family of the said dwelling-house has been, and is, interfered with, and said dwelling-house rendered uncomfortable for habitation; that plaintiff has been frequently compelled to close all the doors and windows in his dwelling in order to prevent said odors, stenches, and smells from permeating his said dwelling; that by reason of said odors, stenches, and smells, plaintiff and his family have been and are unable to comfortably occupy said dwelling; that practically all the customers of said defendants arrive at their place of business in automobiles, that said customers drive their automobiles in front of said place of business, either on a driveway adjoining said place of business or upon the streets upon which said place of business fronts; that a large number of said customers so arriving in automobiles between the hours at 10 o'clock P. M. and 3 o'clock A. M. have sounded and still sound the horns of their respective automobiles, upon arriving at said defendants' place of business; that numerous customers of said defendants arriving between said hours have driven and still drive their automobiles with the mufflers open; that large numbers of customers of defendants arriving between said hours of 10 o'clock P. M. and 3 o'clock A. M., or on the streets in front thereof, and while awaiting service, have left the motors of their automobiles running, causing loud and unusual noises, and have made and still make loud and unusual noises by starting the motors of their automobiles, racing the engines and shifting gears, etc.

It is further found that the place of business maintained by the defendants is situated in a locality occupied principally by dwellings; that the actions complained of constituting the nuisance and depriving the plaintiff of the comfort, use, and occupancy of his residence have been and are committed between the hours of 10 o'clock P. M. and 3 o'clock A. M. of the following day; that this is the period of time when the plaintiff and his family seek rest and sleep and are so disturbed by the acts complained of as not to be able to comfortably occupy their said dwelling, or to secure the rest and sleep to which they are ordinarily entitled. We have not followed the language of the findings, but have summarized their substance, as the findings are quite lengthy.

It is further found that the noises hereinbefore mentioned are necessary incidents in the conduct of defendants' business, and necessarily follow from the use or adaption by the defendants of their said premises.

[2] Notwithstanding these findings, which we think show that the plaintiff is injured in his private capacity and deprived of the exercise of the private rights to which he is entitled, it is argued that the acts complained of and found by the court constitute a public nuisance only and that the plaintiff suffers therefrom only as the public may be said to be injured, and, therefore, that section 3493 of the Civil Code, which reads: "A private person may maintain an action for a public nuisance, if it is specially injurious to himself, but not otherwise," deprives the plaintiff of a right of action in his private capacity.

This objection appears to be so clearly answered by the following California cases that their citation constitutes all that is necessary: In *Lind* v. *City of San Luis Obispo*, 109 Cal. 340 [42 Pac. 437], the court in distinguishing between a private nuisance and nuisances which permit only of a public prosecution, or of facts warranting a public or private prosecution, thus sets forth the law: "If a substantial right has been invaded, especially if the wrong be in the nature of a continuing trespass of such a character that its continuance will create a right against the plaintiff's estate, or operate to deprive plaintiff of a substantial right incident to her property, the nuisance will be abated. . . . The substantial right mentioned in the above extract means a substantial private right, as distinguished from a public right

enjoyed by plaintiff in common with the public at large. The injury which may entitle a private person to maintain an action to abate a public nuisance must be an injury to plaintiff's private property, or to a private right incidental to such private property and where the injury is of this nature the injured person may maintain the action, although the private rights of an indefinite number of other persons may be infringed and injured in the same way by the same nuisance,'' and, further, ''the real distinction would seem to be this, that when the wrongful act is of itself a disturbance or obstruction only to the exercise of a common and public right, the sole remedy is by public prosecution, unless special damage is caused to individuals. . . . But when the alleged nuisance would constitute a private wrong by injuring property or health, or creating personal inconvenience and annoyance, for which an action might be maintained in favor of a person injured, it is none the less actionable because the wrong is committed in a manner and under circumstances which would render the guilty party liable to indictment for a common nuisance.''

The findings in this case show that the private property of the plaintiff is injured. The obstruction or nuisance complained of does not pertain to the exercise of any common and public right, such, for instance, as the right of the public to propel automobiles along a public highway, upon which the premises occupied for residence purposes may be abutting. Under such circumstances, a common public right is being exercised, and it is a matter of universal knowledge that the propelling of automobiles to and fro creates considerable noise, especially if the premises involved are so situated that the maximum speed limit provided by law is permissible. This illustration shows the difference between a public obstruction or nuisance and a private one created by a defendant upon premises in close proximity to those of another at the unusual hours set forth in the findings and the actions of the defendants and the injuries caused by the manner of conducting their business. It is purely a question of a private business being so conducted that the private rights of the plaintiff are being interfered with.

In the case of *Fisher* v. *Zumwalt*, 128 Cal. 493 [61 Pac. 82], a question involving the right of a private action to abate a nuisance, where it was contended that the section

of the code above referred to barred the right of the plaintiff, the court said (quoting from the syllabus) : "Although a nuisance may be public, that fact does not deprive an individual of an action, if, as to him, the nuisance is private, and obstructs the free use and enjoyment of his private property. A nuisance, the effect of which extends to the dwellings or places of business of other persons, to such an extent as to render their occupancy materially uncomfortable, is a private nuisance as to each of them, for which one thus injured may have a private action, though there are many persons thus affected, and the result will be to promote a multitude of suits."

Likewise, in *Johnson* v. *V. D. Reduction Co.,* 175 Cal. 63 [L. R. A. 1917E, 1007, 164 Pac. 1119], it is said: "The fact that a nuisance giving rise to offensive odors and smells is of a public nature does not deprive an individual plaintiff of the right to an action for its abatement, if it interfered with or obstructed the use and enjoyment of his private property." This case refers to and approved the decision in the case of *Fisher* v. *Zumwalt, supra,* where it is held: "That conceding the nuisance to be of a public nature, such fact does not deprive the individual plaintiff of the right to an action for its abatement if it interfered with or obstructed the use and enjoyment of his private property," etc.

[3] These cases refer to and cite a number of authorities supporting the rule which we may now consider definitely settled in this state: That if a private right of property is interfered with by the acts of the defendant, if the plaintiff is deprived of the free use and enjoyment of his residence by the smells, odors, and noises caused and created by the defendant in the operation of some private enterprise, the plaintiff has a right of action, even though the nuisance may become so extensive in its proportions as to affect the general public and give rise to a prosecution for the abatement thereof as a public nuisance.

[4] We will next consider the objection that the injunction ordered by the court is too broad and sweeping in its terms. Subdivision a of the injunction reads: "From expressly or impliedly causing, permitting, suffering, consenting to, or acquiescing in, the sounding of the horn of any automobile, for any purpose other than the giving of such warning signals as are, or may be required, by the laws of

the state of California, at any time between the hours of 10 o'clock P. M., of any day, and 3 o'clock A. M., of the following day upon the premises hereinabove described, or upon any highway adjacent thereto, while any occupant of said automobile is awaiting service or is being served by defendants, or either of them, or by any servant or employee of said defendants.''

Against this provision it is urged that the language thereof would authorize contempt proceedings against the defendants in the event that any patron sounded the horn of his automobile, the sounding of which may not in any way be heard by the plaintiff and might not in any way prevent him from the free use and occupancy of his home. This objection is really more technical than meritorious. When the whole paragraph is read and considered it will be found that it really restrains only unusual and unnecessary noises, and noises made between the hours of 10 o'clock P. M. and 3 o'clock A. M. of the following day; that it does not restrain the giving of such warning signals as may be required by the laws of the state of California.

It is further apparent that it is the establishing and maintaining of the defendants' business in a residence section that has created the nuisance complained of and caused and induced the making of such noises at and during the hours when such noises should not be made in a residential district, or in close proximity to the plaintiff's premises, as found by the court to be caused by the defendants in the instant case. Furthermore, unless it be shown that the defendants expressly or impliedly caused or permitted, or suffered, or consented to, or acquiesced in the making of the unusual noises restrained, the defendants would not be liable for contempt. If the defendants' business is such that it cannot be conducted without creating a nuisance and depriving other people of the enjoyment of their private rights, to which they are reasonably entitled under the law, and the defendants' business is such that it necessarily induces the creation of loud and unusual noises by patrons coming to the defendants' place of business at the unusual hours mentioned, a condition might be created which would authorize the trial court to entirely restrain the conduct of defendants' business, but, as we read the injunction, the

court has not attempted to impose such a penalty upon the defendants, or resorted to such drastic restrictions.

We do not need to set forth the respective paragraphs of the injunction ordered, for the reason that the first two or three lines of the several paragraphs sufficiently show the scope of the order. These lines read in such paragraphs substantially as follows: Enjoin the defendants "from expressly or impliedly causing, permitting, suffering, consenting to, or acquiescing in the operation of the automobiles in the prohibited manner; also, from making the unusual noises sought to be restrained." In other words, the whole intendment of the injunction is to restrain the defendants, in so far as their acts are concerned, in causing, permitting, or suffering the creation of the noises constituting a portion of the nuisance complained of. The fact that in some instances the noises are defined as being made by the racing of motors or the running of motors with the mufflers open does not jeopardize the defendants in any particular, for the reasons which we have herein stated. If no disturbing noise is created in the conduct of defendants' business during the hours mentioned, nothing is restrained. If any loud or unusual noises are made by the defendants' patrons, which are attributable to the consent, acquiescence, or sufferance of the defendants, the defendants are in jeopardy. The findings of the court show that the defendants have seen fit to establish their business in a section of the city principally occupied by residences; that they have seen fit to conduct the business so that it creates unusual noises between the hours of 10 P. M. and 3 A. M. of the following day and we find nothing in the injunction, when reasonably considered, and considered according to the reasonable intendment of the language used, which trenches upon any of the reasonable rights of the defendants, or limits them in the conduct of their business in any manner sanctioned by law. The injunction permits the defendants to continue in business and to operate the same, provided it can be done in a manner that will not deprive the plaintiff of his legal rights. The whole injunction, so far as it relates to the noises, is based upon the loud, unusual, and disturbing character of the noises, and if the noises hereafter are neither loud nor unusual nor disturbing, such noises are not included within the terms of the injunction. If we take only the separate

extracts set forth by the appellant and read them separately from the context of the whole injunction, it might seem that the making of any noise whatever in the conduct of the defendants' business was restrained, and the argument of the appellant well founded, but that is not the manner in which the injunction here should be read, and in considering the order, it must be read as a whole and as so read it restrains only what we have hereinbefore set forth and a restraining order to which the findings show the plaintiff to be entitled.

The judgment of the trial court is affirmed.

Finch, P. J., and Hart, J., concurred.