[Civ. No. 28102. First Dist., Div. One. Dec. 20, 1971.]

PETER B. VENUTO et al., Plaintiffs and Appellants, v.
OWENS-CORNING FIBERGLAS CORPORATION,
Defendant and Respondent.

## COUNSEL

Collins, Hays, Stewart, Sanford, Berg & Pott, and Walter V. Hays for Plaintiffs and Appellants.

Hoge, Fenton, Jones & Appel, Paul J. Ten Doesschate and H. R. Lloyd, Jr., for Defendant and Respondent.

## OPINION

MOLINARI, P. J.—Plaintiffs appeal from a judgment entered upon the sustaining of a general demurrer without leave to amend to a second

amended complaint seeking an injunction and damages for a public nuisance. No claim is made by plaintiffs that had they had another opportunity to amend they would have done so or that they could have stated a cause of action by allegations other than as contained in the second amended complaint.

The instant action is brought by four plaintiffs and the subject complaint purports to state a cause of action on behalf of each plaintiff in two separate counts. Each plaintiff alleges that for at least the past 10 years defendant has used its fiberglass manufacturing plant in the City of Santa Clara in a manner as to constitute a continuing public nuisance in that emissions from its plant contain waste matter which severely pollutes the air in the County of Santa Clara, thereby obstructing the public view of the hills surrounding Santa Clara Valley and injuring the health of the citizens of the county. It is further alleged by each plaintiff that "The combination of these effects threatens to destroy the comfortable enjoyment of life and property of every person in the County."

The subject complaint alleges, further, that defendant is under the jurisdiction of the Bay Area Pollution Control District (hereinafter "the District") and that, although defendant complies with the District's regulations, defendant is employing unnecessary and injurious methods in the operation of its business. It is also alleged that defendant knows of methods which will limit the pollution effect of its emissions "far more than its present controls, yet deliberately refuses to use such methods."

Three of the plaintiffs alleged that as a result of the maintenance of the alleged nuisance allergies and respiratory disorders suffered by each of them have been aggravated. The fourth plaintiff alleges that he has been specially injured because his view of the Santa Clara Valley and its hills is obscured by such emissions. In this connection it is alleged that plaintiff's principal purpose in leasing certain premises in a building in San Jose was to obtain an unobstructed view of said valley and hills and that he pays a high rent because of such view.

None of the plaintiffs have pleaded that they have suffered compensatory damages in any specific amount, but plaintiffs jointly pray for punitive damages in the sum of $1,000,000 based upon the allegation that the maintenance of the alleged nuisance by defendant is willful, oppressive and malicious.[1]

█ The trial court concluded that the complaint was not good as

---

[1] Plaintiff John H. Bloomer also alleges that he has sustained "additional damage in medical expenses and loss of companionship of his wife."

against a general demurrer and, accordingly, sustained the demurrer on the ground that it did not state a cause of action. Having so determined, it did not rule upon the special demurrer asserted against the complaint. Our inquiry, therefore, is whether the complaint states *a* cause of action.

In making this determination we examine the complaint in relation to certain well-defined rules. In *Holmes* v. *City of Oakland,* 260 Cal.App.2d 378, 382 [67 Cal.Rptr. 197], we stated these rules as follows: " 'A demurrer reaches only to the contents of the pleading and such matters as may be considered under the doctrine of judicial notice' [citations]; the material and issuable facts pleaded in the complaint must be regarded as true [citations]; a demurrer does not, however, admit contentions, deductions or conclusions of fact or law alleged in the complaint [citations], or facts impossible in law [citation], or allegations contrary to facts of which a court may take judicial knowledge. [Citations.]"

We are also guided by the following basic principle: "All that is necessary against a general demurrer is that, upon a consideration of all the facts stated, it appears that the plaintiff is entitled to *any* judicial relief against the defendant, notwithstanding that the facts may not be clearly stated, or may be intermingled with a statement of other facts irrelevant to the cause of action shown, or although the plaintiff may demand relief to which he is not entitled under the facts alleged. [Citations.]" (*Holmes* v. *City of Oakland, supra,* 260 Cal.App.2d 378, 382-383.)

Another important guide is the definition of a cause of action. In *Colvig* v. *RKO General, Inc.,* 232 Cal.App.2d 56, 65-66 [42 Cal.Rptr. 473], we stated: "The essence of a cause of action is the existence of a primary right and one violation of that right, i.e., it arises out of an antecedent primary right and corresponding duty, and a breach of such primary right and duty by the person upon whom the duty rests. [Citations.] The primary right and duty and the delict or wrong constitute the cause of action in the legal sense. [Citations.] 'The cause of action is simply the obligation sought to be enforced.' [Citations.]"

A cause of action must be distinguished, however, from the remedy which is simply the means by which the obligation or corresponding duty is effectuated and also from the relief sought. (*O'Hagen* v. *Board of Zoning Adjustment,* 19 Cal.App.3d 151, 163 [96 Cal.Rptr. 484]; *Frost* v. *Witter,* 132 Cal. 421, 426 [64 P. 705]; *Merlino* v. *West Coast Macaroni Mfg. Co.,* 90 Cal.App.2d 106, 115 [202 P.2d 748].)

In the instant case plaintiffs purport to plead a cause of action predicated upon the claim that defendant is conducting and maintaining a business which constitutes a public nuisance. Accordingly, they must

allege sufficient facts to show that the operation of defendant's business constitutes a public nuisance. Civil Code section 3479, in pertinent part, defines a nuisance as "Anything which is injurious to health, or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, . . ." A public nuisance is defined in Civil Code section 3480 as ". . . one which affects at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon individuals may be unequal."

Within the meaning of these statutes plaintiffs have pleaded facts stating a *public* nuisance. In essence they plead the pollution of the air as a result of defendant's operation of its business has and is injuring the health of the citizens of Santa Clara County and is and has interfered with the comfortable enjoyment of the life and property of every person in the county. As observed by Prosser, the term "public nuisance" comprehends an act or omission which interferes with the interests of the community or the comfort and convenience of the general public and includes interference with the public health, comfort and convenience. (Prosser on Torts (3d ed.) pp. 605-606.)

We apprehend that the facts alluded to in the preceding paragraph, which suffice to state acts and conduct embraced within the definition of a public nuisance, would also suffice to state a cause of action if the instant action had been brought by a public body or officer authorized by law since they allege a primary right of the public to enjoy life and property and a corresponding duty in defendant not to use his property so as to interfere with that right.

The remedies against a public nuisance, i.e., the redress for the wrong to the community, are by indictment or information, a civil action, or abatement. (Civ. Code, § 3491.) Adverting specifically to the remedy by way of a civil action, since this is the remedy with which we are here concerned, we apprehend the law of this state to be that such action is ordinarily properly left to the appointed representative of the community and may be maintained by a private person *only* if the public nuisance is specially injurious to him. (Civ. Code, § 3493; see Code Civ. Proc., § 731; and see Prosser on Torts (3d ed.) at p. 608.) Section 3493 of the Civil Code specifically provides that "A private person may maintain an action for a public nuisance, *if it is specially injurious to himself, but not otherwise.*" (Italics added.) The genesis of this rule is found in the common law which recognized that "the action would lie if the plaintiff could show that he had suffered special damage over and above the ordinary damage

caused to the public at large by the nuisance." (Prosser on Torts (3d ed.) at p. 608.)

In applying the rule articulated in section 3493 to a particular case, cognizance must be taken as to whether the public nuisance alleged is also a private nuisance, since this factor is important in determining how the statute is to be applied. ■ The difference becomes important in view of the fundamental principle that a private nuisance is a civil wrong based on disturbance of rights in land while a public nuisance is not dependent upon a disturbance of rights in land but upon an interference with the rights of the community at large. (Posser on Torts (3d ed.) at p. 594.)

■ Where the nuisance alleged is not also a private nuisance as to a private individual he does not have a cause of action on account of a public nuisance unless he alleges facts showing special injury to himself in person or property of a character different *in kind* from that suffered by the general public. (*Ward* v. *Oakley Co.,* 125 Cal.App.2d 840, 850 [271 P.2d 536]; *Donahue* v. *Stockton Gas etc. Co.,* 6 Cal.App. 276, 279-280 [92 P. 196]; *Wallace* v. *MacDonough Theater Co.,* 34 Cal.App. 498, 499 [168 P. 144]; *Voorheis* v. *Tidewater Southern Ry. Co.,* 41 Cal.App. 315, 320 [182 P. 797]; *Hitch* v. *Scholle,* 180 Cal. 467, 468-469 [181 P. 657]; *Frost* v. *City of Los Angeles,* 181 Cal. 22, 24 [183 P. 342, 6 A.L.R. 468]; *Brown* v. *Rea,* 150 Cal. 171, 174 [88 P. 713]; *Thompson* v. *Kraft Cheese Co.,* 210 Cal. 171, 178 [291 P. 204].) Under this rule the requirement is that the plaintiff's damage be different in kind, rather than in degree, from that shared by the general public. (*Voorheis* v. *Tidewater Southern Ry Co., supra; Brown* v. *Rea, supra; Donahue* v. *Stockton Gas etc. Co., supra;* see Prosser on Torts (3d ed.) at pp. 608-609.) Where, on the other hand, the nuisance is a private as well as a public one, there is no requirement that the plaintiff suffer damage different in kind from that suffered by the general public and he "does not lose his rights as a landowner merely because others suffer damage of the same kind, or even of the same degree, . . ." (Prosser on Torts (3d ed.) p. 609; see *Johnson* v. *V. D. Reduction Co.,* 175 Cal. 63, 65-66 [164 P. 1119]; *Fisher* v. *Zumwalt,* 128 Cal. 493, 496 [61 P. 82]; *Lind* v. *City of San Luis Obispo,* 109 Cal. 340, 343-344 [42 P. 437]; *Willson* v. *Edwards,* 82 Cal.App. 564, 567-569 [256 P. 239].)

■ In the present case the three plaintiffs predicating their claim of special damage upon personal injury have not alleged facts purporting to state a private nuisance. ■ As Prosser points out, "The essence of a private nuisance is an interference with the use and enjoyment of land" and ". . . without it, the fact of personal injury, or of interference with some

purely personal right, is not enough for such a nuisance." (Prosser on Torts (3d ed.) p. 611 and fn. 91 at p. 611; *Lind* v. *City of San Luis Obispo, supra,* 109 Cal. 340, 344.) ▮ As observed in *Lind,* "The injury which may entitle a private person to maintain an action to abate a public nuisance must be an injury to plaintiff's private property, or to a private right incidental to such private property; . . ." (At p. 344.)

Although "any interest sufficient to be dignified as a property right" will support an action based on a private nuisance, and this includes within its purview a tenancy for a term, such right does not inure in favor of a licensee, lodger or employee. (Prosser on Torts (3d ed.) at pp. 613-614.) ▮ In the instant case these plaintiffs merely allege that they are residents of Santa Clara County. They do not allege any interference with a known property right. Accordingly, their action must rise or fall with the determination whether they are entitled to bring an action based upon public nuisance upon the basis that the injury suffered by them is different in *kind* from that suffered by the general public.

The plaintiffs claiming personal injury allege that the air pollution allegedly caused by defendant aggravates their allergies and respiratory disorders. Insofar as the other members of the general public are concerned, the only allegation in the complaint as to the injury allegedly suffered by them is the claim that such air pollution is "injuring the health of the citizens of the County." There is no allegation as to the nature of the injury to the health of the members of the public. In their brief these plaintiffs suggest that the members of the public are suffering a "general irritation." There is no such allegation in the complaint. Assuming, *arguendo,* that we may infer from the allegations of the complaint that the public is suffering from a general irritation to the respiratory tract and that plaintiffs are suffering a more severe irritation to such tract, such allegations merely indicate that plaintiffs and the members of the public are suffering from the same kind of ailments but that plaintiffs are suffering from them to a greater degree. In essence the complaint alleges nothing more than that the health of the general public and that of plaintiffs, as members of the public, is being injured because of defendant's activity, but that the health of each plaintiff is being injured to a greater degree. Plaintiffs' alleged damage is, therefore, not different in kind but only in degree from that shared by the general public. Accordingly, these facts do not support an action based on a public nuisance.

We apprehend, moreover, that even if it could be argued that these plaintiffs are suffering from an injury that is different in "kind" from that suffered by the general public, they have not stated a cause of action for

public nuisance. ■■ Under the law of nuisances, where personal discomfort is the basis of the complaint the test of liability is the effect of the alleged interference on the comfort of normal persons of ordinary sensibilities in the community. (*Carter* v. *Johnson*, 209 Cal.App.2d 589, 591 [26 Cal.Rptr. 279]; *McIntosh* v. *Brimmer*, 68 Cal.App. 770, 779 [230 P. 203]; *Fendley* v. *City of Anaheim*, 110 Cal.App. 731, 736 [294 P. 769]; *Ladd* v. *Granite State Brick Co.*, 68 N.H. 185 [37 A. 1041]; *Erickson* v. *Hudson*, 70 Wyo. 317, 332 [249 P.2d 523, 527-528]; see Prosser on Torts (3d ed.) pp. 598-600.) In *Ladd* it was held not to be a nuisance to run a factory where the smoke aggravated the plaintiff's bronchitis. Similarly, in *Erickson*, allergy to creosote was held not to constitute the type of discomfort entitling recovery on the ground of nuisance.

Directing our attention to the plaintiff who claims injury by reason of the alleged obstruction to his view, we apprehend that, since the complaint alleges that he is a lessee under a long term lease of premises whose view is allegedly obstructed by defendant's operations, a sufficient property right has been alleged to support an action based on a private nuisance under principles hereinbefore articulated. Our inquiry, then, is whether an interference consisting of an obstruction to view is encompassed within the definition of a nuisance.

As already observed, Civil Code section 3479, in defining a nuisance, states, in part, that "Anything which is . . . an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, . . . is a nuisance." Prosser, in discussing private nuisance, states that "So long as the interference is substantial and unreasonable, and such as would be offensive or inconvenient to the normal person, virtually any disturbance of the enjoyment of the property may amount to a nuisance." (Prosser on Torts (3d ed.) at p. 613.) Accordingly, in this state activities that disturb or prevent the comfortable enjoyment of property have been held to constitute nuisances even though they did not directly damage the land or prevent its use. (See *Eaton* v. *Klimm*, 217 Cal. 362, 368 [18 P.2d 678] [smoke from asphalt mixing plant]; *Willson* v. *Edwards*, *supra*, 82 Cal.App. 564, 568-569 [noise and offensive odors from operation of refreshment stand]; *Fendley* v. *City of Anaheim*, *supra*, 110 Cal.App. 731, 736 [noise and vibration from machinery]; *Morton* v. *Superior Court*, 124 Cal.App.2d 577 [269 P.2d 81, 47 A.L.R.2d 478] [noise and excessive dust from rock quarry]; *Snow* v. *Marian Realty Co.*, 212 Cal. 622, 625 [299 P. 720] [smoke from donkey-engine, discoloring the plaintiff's building]; *Miles* v. *A. Arena & Co.*, 23 Cal.App.2d 680, 683-685 [73 P.2d 1260] [poisonous dust carried by wind to the plaintiff's land].)

Although, in the light of the foregoing principles, it would appear that

an interference with the view from land may amount to a nuisance, the courts have held that a building or structure cannot be complained of as a nuisance *merely* because it obstructs the view from neighboring property. (See *Katcher* v. *Home S. & L. Assn.*, 245 Cal.App.2d 425, 429-430 [53 Cal.Rptr. 923; *Scharlack* v. *Gulf Oil Corporation* (Tex.Civ.App.) 368 S.W.2d 705, 707; *Dallas Land & Loan Co.* v. *Garrett* (Tex.Civ.App.) 276 S.W. 471, 474; *Hay* v. *Weber*, 79 Wis. 587, 591 [48 N.W. 859, 860].) Similarly, it has been held that a building or structure may not be complained of as a nuisance merely because it interferes with the passage of light and air to adjoining premises. (See *Western etc. Co.* v. *Knickerbocker*, 103 Cal. 111, 115 [37 P. 192]; *Ingwersen* v. *Barry*, 118 Cal. 342, 343 [50 P. 536]; *Taliaferro* v. *Salyer*, 162 Cal.App.2d 685, 691 [328 P.2d 799]; *Katcher* v. *Home S. & L. Assn., supra.*)

These rules find their genesis in the repudiation of the English doctrine of "ancient lights" under which a landowner acquired, by interrupted user, an easement over adjoining property for the passage of light and air on the basis that "it is not adapted to the conditions existing in this country and could not be applied to rapidly growing communities without working mischievous consequences to property owners." (1 Cal.Jur.2d, Adjoining Landowners, § 30, at pp. 758-759; *Katcher* v. *Home S. & L. Assn., supra.*) ▮▮▮ Accordingly, in this state an owner of property may construct or erect on his land any sort of structure provided it is not such as the law will pronounce it a nuisance, but it is not a nuisance *merely* because it obstructs the passage of light and air to the building of the adjoining owner or *merely* because it obstructs his view of neighboring property. (*Ingwersen* v. *Barry, supra,* 118 Cal. 342, 343; *Western etc. Co.* v. *Knickerbocker, supra,* 103 Cal. 111, 115; *Dallas Land & Loan Co.* v. *Garrett, supra,* 276 S.W. 471, 474.)

We perceive, upon analogy, that the rule articulating that the mere obstruction of view or the mere interference with the passage of light and air by a building or structure does not amount to a nuisance applies equally to an obstruction or interference caused by the emission of smoke or other waste matter, provided such emission does not otherwise constitute a nuisance.

▮▮▮ In the instant case the subject plaintiff has alleged nothing more than an interference with his view by the emissions from defendant's plant. He has not alleged any perceptible injury to his property nor has he alleged that these emissions pollute the air so as to sensibly impair the enjoyment of his property. Accordingly, he has not brought himself within the purview of the cases cited above which have granted relief from activities

that have disturbed or prevented the comfortable enjoyment of property because they produced smoke, dust or odors. This plaintiff, therefore, under principles hereinabove discussed, has no direct remedy against an activity which, if it constitutes a nuisance at all, is a public nuisance since the nuisance complained of is not also a private nuisance as to him. (See *Johnson* v. *V. D. Reduction Co., supra,* 175 Cal. 63, 65-66; *Frost* v. *City of Los Angeles, supra,* 181 Cal. 22, 24.)

The conclusions thus reached by us are dispositive of the case—none of the plaintiffs has stated a cause of action. We find it necessary, however, to discuss other questions which were presented to us on this appeal in order to avoid any misconceptions as to the basis for our conclusions. Defendant contends that since plaintiffs have alleged in their complaint that defendant is under the jurisdiction of the District, and was in full compliance with the District's regulations on air emission controls, there was no nuisance as a matter of law. In making this contention defendant relies on Civil Code section 3482 which provides that "Nothing which is done or maintained under the express authority of a statute can be deemed a nuisance."

In considering defendant's contention we first observe that the District was created in 1955 as a regional agency to establish and execute an effective program for the reduction of air contaminants within the district. (Health & Saf. Code, §§ 24345-24374.) One of the stated functions of the District is to "control and suppress air pollution" in the bay area. (Health & Saf. Code, § 24346.2.) Pursuant to statutory mandate the District has promulgated detailed regulations on the emissions of pollutants into the atmosphere. Plaintiffs concede that defendant is in full compliance with these comprehensive regulations. These regulations, however, merely set forth the standard of permissible air pollution by manufacturing facilities under the District's jurisdiction. There is nothing in these regulations indicating that compliance with their terms precludes an action for nuisance. Moreover, there is no indication in the statutes that the Legislature intended that the District would preempt the whole area of pollution control. To the contrary, Health and Safety Code section 24360.3 expressly provides: "The Legislature does not, by the provisions of this chapter, intend to occupy the field. [¶] The provisions of this chapter do not prohibit the enactment or enforcement by any county or city of any local ordinance stricter than or identical to the provisions of this article and stricter than or identical to the rules and regulations adopted pursuant to this chapter, which local ordinance prohibits, regulates or controls air pollution."

Adverting to section 3482 of the Civil Code, we note that the statute applies only to a specific act authorized. (*Hassell* v. *San Francisco,* 11

Cal.2d 168, 171 [78 P.2d 1021]; *People* v. *Glenn-Colusa Irr. Dist.*, 127 Cal.App. 30, 36 [15 P.2d 549]; *Ambrosini* v. *Alisal Sanitary Dist.*, 154 Cal.App.2d 720, 727 [317 P.2d 33].) In *Hassell,* the Supreme Court, in alluding to the defense of express statutory authority contained in section 3482, stated the applicable rule to be that expressed in 46 Corpus Juris, page 674, as follows: "A statutory sanction cannot be pleaded in justification of acts which by the general rules of law constitute a nuisance, unless the acts complained of are authorized by the express terms of the statute under which the justification is made, or by the plainest and most necessary implication from the powers expressly conferred, so that it can be fairly stated that the legislature contemplated the doing of the very act which occasions the injury." (11 Cal.2d at p. 171; see *People* v. *Glenn-Colusa Irr. Dist., supra.*) ■ Accordingly, although an activity authorized by statute cannot be a nuisance, the *manner* in which the activity is performed may constitute a nuisance. (*Bright* v. *East Side Mosquito etc. Dist.*, 168 Cal.App.2d 7, 11 [335 P.2d 527]; *People* v. *Glenn-Colusa Irr. Dist., supra; Snow* v. *Marian Realty Co., supra,* 212 Cal. 622, 625.) ■ We perceive, moreover, that it is a well-settled principle of nuisance law that the adoption of the most approved appliances and methods of production does not justify the continuance of that which, in spite of them, remains a nuisance. (*Miles* v. *A. Arena & Co., supra,* 23 Cal.App.2d 680, 684.)

■ In the instant case although the District was authorized to permit defendant to emit pollutants within the standard of permissible limits set by the District, we find nothing in the statutes delineating the authority of the District which give it the express authority to permit commercial enterprises to engage in activities which the law pronounces to be a nuisance.

■ We turn next to defendant's alternate contention that plaintiffs fail to state a cause of action because of the provisions of Code of Civil Procedure section 731a. That statute provides: "Whenever any city, city and county, or county shall have established zones or districts under authority of law wherein certain manufacturing or commercial or airport uses are expressly permitted, except in an action to abate a public nuisance brought in the name of the people of the State of California, no person or persons, firm or corporation shall be enjoined or restrained by the injunctive process from the *reasonable and necessary* operation in any such industrial or commercial zone or airport of any use expressly permitted therein, *nor shall such use be deemed a nuisance without evidence of the employment of unnecessary and injurious methods of operation.* Nothing in this act shall be deemed to apply to the regulation and working hours of canneries,

fertilizing plants, refineries and other similar establishments whose operation produce offensive odors." (Italics added.)

By invoking section 731a defendant is, in essence, urging that plaintiffs are not entitled to the relief they seek. Defendant thus seeks to avoid the application of the general rule that the mere fact that a commercial enterprise is conducting its business in a district zoned for its type of activity does not justify the maintenance by it of a nuisance. (*Fendley* v. *City of Anaheim, supra,* 110 Cal.App. 731, 735; *Williams* v. *Blue Bird Laundry Co.,* 85 Cal.App. 388, 392 [259 P. 484]; *People* v. *City of Reedley,* 66 Cal.App. 409, 413 [226 P. 408]; *Eaton* v. *Klimm, supra,* 217 Cal. 362, 370.)[2] It is appropriate that we note here that section 731a applies only to the remedy by way of injunction. Plaintiffs in the present case seek both an injunction and damages. Section 731a does not operate to bar a recovery for damages. (*Roberts* v. *Permanente Corp.,* 188 Cal.App.2d 526, 529 [10 Cal.Rptr. 519]; *Kornoff* v. *Kingsburg Cotton Oil Co.,* 45 Cal.2d 256, 271 [288 P.2d 507].)

Adverting to the applicability of section 731a, we observe that its purpose is "to eliminate injunctive relief where the business is operated in its appropriate zone and the only showing is an injury and nuisance to the plaintiff in such operation." (*Gelfand* v. *O'Haver,* 33 Cal.2d 218, 220 [200 P.2d 790].) In order to obtain injunctive relief in a private action against nuisance-creating commercial enterprises whose activities are protected by zoning ordinances, the plaintiff must show that the defendant employed "unnecessary and injurious methods" in the operation of the business. (*Gelfand* v. *O'Haver, supra; Christopher* v. *Jones,* 231 Cal. App.2d 408, 411 [41 Cal.Rptr. 828].) In making such a showing a plaintiff is not restricted to adducing evidence of failure by the defendant to pursue the methods customarily and usually employed in other similar businesses, but he may also show that there are devices or more efficient management which would reduce the conduct or activity causing the nuisance and that such devices or management are available to the defendant at a reasonable expense. (*Gelfand* v. *O'Haver, supra,* at pp. 220-221; *Hannum* v. *Gruber,* 346 Pa. 417, 427 [31 A.2d 99, 103].) The failure to secure such devices or management when they are available at a reasonable expense renders the conduct or activity causing the nuisance unnecessary and unreasonable. (*Gelfand* v. *O'Haver, supra,* at p. 221; *Hannum* v. *Gruber, supra.*)

---

[2]In the instant case the trial court took judicial notice of the zoning ordinance and zoning map of the City of Santa Clara establishing that defendant's manufacturing facility is located in a zone where its activities are specifically authorized. Under Evidence Code section 459 we take judicial notice of matters properly noticed by the trial court.

Turning to the subject complaint we observe the following charging allegations: "Despite such compliance [with the District's regulations], however, defendant is employing unnecessary and injurious methods in the operation of its business, in that among other things, it knows of methods which will limit the pollution effect of its emissions far more than its present controls, yet deliberately refuses to use said methods." This allegation is not germane to the action for damages since it is superfluous. Aside from the deficiencies having to do with plaintiffs' standing to sue pointed out above, sufficient facts are otherwise set out supportive of activities constituting a nuisance. We perceive, moreover, that the purport of this allegation is to plead facts which will satisfy the requirements of section 731a.

 "[W]here an attempt is made to enjoin a particular activity upon the theory that it constitutes a nuisance under general statutory provisions, sufficient facts must be alleged so that the court may conclude that a nuisance exists within the provisions of the statute." (*People* v. *Lim,* 18 Cal.2d 872, 881 [118 P.2d 472]; *People* v. *Seccombe,* 103 Cal.App. 306, 310 [284 P. 725]; *People* v. *Steele,* 4 Cal.App.2d 206, 212 [40 P.2d 959, 41 P.2d 946].) In the instant case plaintiffs have pleaded sufficient particular facts from which the existence of a public nuisance can be deduced. Our inquiry, however, is whether plaintiffs have pleaded particular facts from which it can be deduced that defendant is employing "unnecessary and injurious methods" of operation.

The allegation that "defendant is employing unnecessary and injurious methods in the operation of its business" is clearly a conclusion of law. However, the particular allegation that defendant "knows of methods which will limit the pollution effect of its emissions far more than its present controls, yet deliberately refuses to use said method" suffices to plead, although inartfully, facts from which it can be deduced that defendant employed "unnecessary and injurious methods in the operation of its business" pursuant to the principles articulated in *Gelfand.* We conclude, therefore, that such an allegation suffices to withstand the thrust of a general demurrer.

In summary, we conclude that although plaintiffs have pleaded facts sufficient to support a public nuisance and have pleaded facts justifying an injunction under section 731a, they have not pleaded sufficient facts entitling them to maintain an action for a public nuisance. Under the facts alleged, plaintiffs are not entitled to the relief they seek because they do not have the *standing* to sue. Plaintiffs have alleged a cause of action in the appointed authorities of the general public but not in themselves. Since the right to relief goes to the existence of a cause of action, the general demurrer

was properly sustained. (See *Klopstock* v. *Superior Court,* 17 Cal.2d 13, 18-19 [108 P.2d 906, 135 A.L.R. 318]; *Parker* v. *Bowron,* 40 Cal.2d 344, 351 [254 P.2d 6]; *Hart* v. *County of Los Angeles,* 260 Cal.App.2d 512, 516 [67 Cal.Rptr. 242]; 2 Chadbourn, Grossman & Van Alstyne, Cal. Pleading, § 1192, p. 402.)

The judgment is affirmed.

Sims, J., and Elkington, J., concurred.