Raymond **REUDY,** and Kevin Hicks, doing business as Advertising Display Systems; and ADS–1, a California limited liability company, Plaintiffs–Appellants,

v.

**CLEAR CHANNEL OUTDOOR, INC.,** a Delaware corporation; William Hooper, an individual; CBS Corporation, a Delaware corporation; Patrick Roche, an individual, Defendants–Appellees.

No. 08–15072.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 2009.

Filed July 8, 2009.

---

Gerald M. Murphy, Esquire, Luce Forward Hamilton & Scripps, LLP, San Francisco, CA, for Plaintiffs–Appellants.

Scott D. Baker, Esquire, James A. Daire, Esquire, Michele Diane Floyd, Esquire, Raymond A. Cardozo, Reed Smith, LLP, Christine Marie Morgan, Esquire, Crosby, Heafey, Roach & May, Duffy Carolan, II, Allison Ann Davis, Esquire, Davis Wright Tremaine, LLP, San Francisco, CA, Sidney S. Fohrman, Esquire, Anthony Manuel Leones, George B. Speir, Miller Starr & Regalia, Walnut Creek, CA, William B. Shearer, Jr., Esquire, Richard Miller Travis, Esquire, George Patrick Watson, Esquire, Powell Goldstien LLP, Atlanta, GA, for Defendants–Appellees.

Before: SCHROEDER, TASHIMA and BEA, Circuit Judges.

## MEMORANDUM *

Plaintiffs–Appellants Raymond Reudy and Kevin Hicks, dba Advertising Display Systems, and ADS–1 appeal the district court's dismissal of their action against CBS Corp., Patrick Roche, Clear Channel Outdoor, Inc., and William Hooper. We affirm.

■ Plaintiffs' claims against CBS and Roche, are barred by the broad release of all known and unknown claims entered into by Plaintiffs and CBS in conjunction with CBS's purchase of seven outdoor advertising sign billboards from Plaintiffs. Plaintiffs present no allegation of fraud, duress, undue influence, or unconscionability with respect to the purchase agreement or the release signed by the Plaintiffs. That purely commercial transaction does not warrant a court's intervention to re-make the parties' agreement. *See CAZA Drilling (California), Inc. v. TEG Oil & Gas, U.S.A., Inc.*, 142 Cal.App.4th 453, 48 Cal.Rptr.3d 271, 286 (2006) ("In the majority of commercial situations, courts have upheld contractual limitations on liability, even against claims that the breaching party violated a law or regulations.").

■ Plaintiffs' claims against Clear Channel and Hooper are barred on the basis of res judicata, because the nuisance claims were raised against Clear Channel in a separate action. *See Fed. Trade Comm'n v. Garvey*, 383 F.3d 891, 897 (9th Cir.2004).

■ Even if Plaintiffs' claims were not barred by either the release or res judicata, Plaintiffs failed to state a cause of action for either private or public nuisance because plaintiffs lack any interest in real property. California law requires a disturbance of rights in land before a plaintiff may maintain a cause of action for private nuisance. *Venuto v. Owens–Corning Fiberglas Corp.*, 22 Cal.App.3d 116, 99 Cal. Rptr. 350, 355 (Cal.Ct.App.1971). Plaintiffs' alleged interests are insufficient to state a cause of action for private nuisance.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*See Trinkle v. Cal. State Lottery,* 71 Cal. App.4th 1198, 84 Cal.Rptr.2d 496, 500 (1999) (rejecting private nuisance claim where plaintiff owned vending machines installed in third-party business establishments but had no interest in the real property of those businesses). In order to state a claim for public nuisance, "one must have suffered harm of a kind different from that suffered by other members of the public exercising the right common to the general public that was the subject of interference." *Ileto v. Glock, Inc.,* 349 F.3d 1191, 1211 (9th Cir.2003) (applying California law) (citing Restatement (Second) of Torts § 821C(1)); *see also* Cal. Civ.Code. § 3480. The harm must be one emanating from the same cause, such as diminution in safety or aesthetics, however. Nuisance law is not designed to benefit disadvantaged competitors.

AFFIRMED.